**Guy DOSS, Plaintiff-Appellant,**

v.

**Patricia Roberts HARRIS, Secretary of Health and Human Resources, Defendant-Appellee.**

No. 79–3892.

United States Court of Appeals, Fifth Circuit. Unit B

March 13, 1981.

Samuel F. Furgiuele, Jr., Atlanta, Ga., for plaintiff-appellant.

William L. Harper, U. S. Atty., Atlanta, Ga., Douglas P. Roberto, Asst. U. S. Atty., Carl H. Harper, Regional Atty., Dept. of Health and Human Resources, Atlanta, Ga., for defendant-appellee.

Before TUTTLE, TJOFLAT and KRAVITCH, Circuit Judges.

TUTTLE, Circuit Judge:

This appeal is a companion to *Clark v. Harris*, 638 F.2d 1347 (5 Cir.), No. 79-3622, heard on oral arguments at the same time. Like *Clark*, the claim of appellant depend primarily upon his contention that he received no adequate notice of the possibility that he might be represented by counsel or other qualified representative at the hearing before the administrative law judge or that if he was required to compensate counsel, the statute limited the amount of such compensation to 25 percent of the amount recovered to the day of the award.

As we held in *Clark*, we conclude that the notice of Doss' right to be represented by counsel in this case, while on the face of, and not on the back of, the notice of hearing, failed adequately to inform the claimant that he might be represented free by available public service counsel or that, if he was required to hire counsel, the fees payable would be strictly limited and supervised under the regulations.

As in the *Clark* case, we then look to the record to see whether the ALJ acted in a manner that discharged his "special duty when an unrepresented claimant [who had not waived the right to counsel] unfamiliar with the hearing procedures appears before him" to "develop a full and fair record," *Clark v. Harris, supra* at 1347.

The effect of Doss' proceeding without counsel shows up most glaringly when it is noted that all of the administrative proceedings for Doss, whose principal claim was psychiatric and nervous incapacities, had been handled completely by his sister. In fact, the sister wrote the administrative law judge of Doss' inability to attend the first noticed hearing because he was at the time in the hospital on account of nervous disorders. However, the sister was unable to be present at the hearing because of severe illness. Although she wrote a note supporting the claimant's contention as to his disability, Doss appeared without any supporting evidence as to irrational or other kinds of antisocial conduct which his sister represented him to be afflicted with.[1]

More significant, however, is the fact that there had been at least two hospital

---

1. These included a tendency toward violence, severe isolatism, auditory hallucinations, religious illusions, anxiety around crowds and general numbness.

admissions during the time of the administrative process, and before the hearing before the administrative law judge which the judge said he would have to consider before making his report, but which, in fact, he did not see and the records of which were not introduced in evidence. Counsel would certainly have seen to it that these records would have been made available to the ALJ before the closing of the case. In both of these records it was indicated that treatment was being sought for depression or other nervous disorders by the claimant.

We conclude that the conduct of this 35 minute hearing before the ALJ, when claimant did not waive his right to be represented by counsel, did not meet the standard which we have set in *Clark*.

The judgment is REVERSED and the case is REMANDED for further proceedings not inconsistent with this opinion.