**Juanita BENSON, Plaintiff-Appellant,**

v.

**Patricia Roberts HARRIS, Secretary of Health and Human Resources, Defendant-Appellee.**

**No. 80–7040.**

United States Court of Appeals, Fifth Circuit.

Unit B

March 13, 1981.

William W. Campbell, Legal Services Corp. of Ala., Inc., Florence, Ala., for plaintiff-appellant.

J. R. Brooks, U. S. Atty., Herbert J. Lewis, III, Asst. U. S. Atty., Birmingham, Ala., for defendant-appellee.

Before TUTTLE, TJOFLAT and KRAVITCH, Circuit Judges.

TUTTLE, Circuit Judge:

This appeal, like that of *Doss v. Harris*, 638 F.2d 1354 (5 Cir.), No. 79–3892, is a companion to *Clark v. Harris*, 638 F.2d 1347 (5 Cir.), No. 79–3622, argued before us at the same time.

Mrs. Benson's case differs from the other two, however, in that the notice given to her with respect to the right to have representation by counsel is quite different from that contained in the other two cases.

The notice here, contained on the face of the notice of hearing, was as follows:

*Representation*

While it is not required you may be represented at the hearing by an attorney or other qualified person of your choice. If

you wish to be represented by an *attorney* and cannot afford it, your local social security office will provide a list of offices where you may be able to obtain such representation. [Emphasis in original.]

### Fees for Representation

Any fee which your representative wishes to charge is subject to approval by the Bureau of Hearings and Appeals, and your representative must furnish you with a copy of the fee petition. When you receive your copy of the fee petition, you will have 20 days to comment, if you wish, regarding the requested fee.

If you are found entitled to past-due *Disability Insurance Benefits*, and your representative is an *attorney*, 25 percent of such past-due benefits will be withheld by the Social Security Administration pending approval of a fee for your attorney. If the approved fee is *less* than the 25 percent withheld, the amount of the fee will be paid to your attorney from the amount withheld and the difference will be sent to you. If the approved fee is *more* than 25 percent of your past-due benefits, the 25 percent will be paid to your attorney and the difference is a matter to be settled between you and your attorney. If you are found *not* entitled to past-due *Disability Insurance Benefits, or* if your representative is *not* an attorney, *none* of those benefits will be withheld by the Social Security Administration. Payment of any fee for representation is, therefore, a matter to be settled between you and your representative, after the amount of the fee has been approved by the Bureau of Hearings and Appeals.

If you are found entitled to any *Supplemental Security Income Benefits, none* of those benefits will be withheld by the Social Security Administration. Payment of any fee for representation is, therefore, a matter to be settled between you and your representative, after the amount of the fee has been approved by the Bureau of Hearings and Appeals. [Emphasis in original.]

■ We cannot hold, as we did in *Clark* and *Doss*, that this was inadequate notice to the claimant both for the possibility of her having free counsel and of the limitations on the fee that counsel could charge as a part of her recovery if any was made.

However, the claimant contends that she did not actually waive the right to counsel at the time of the hearing, because of the ambiguous nature of the statement made to her by the administrative law judge. · That statement and her answer follow:

In your notice of hearing you were advised of your right to an attorney. It is not required. Since you are appearing alone I am assuming you do not wish to have a representative. Therefore I will ask the questions considered necessary in order to obtain a full record of the facts in this case. Is that agreeable with you? MRS. BENSON: Yes, sir.

The claimant contends that by answering "Yes, sir" it may well be that Mrs. Benson was agreeing to the latter part of the ALJ's statement "therefore I will ask the questions considered necessary in order to obtain a full record of the facts in this case," since, when he asked "Is that agreeable with you?", Mrs. Benson may well have overlooked that part of his statement: "I am assuming you do not wish to have a representative."

Mrs. Benson's reply to this statement was ambiguous. Such a reply, therefore, might be considered something less than an unequivocal waiver if the claimant is entitled to have a further explanation to her of her rights to counsel at the hearing itself, once she has been given adequate notice. While our Court in the three cases cited in *Clark, Herridge v. Richardson,* 464 F.2d 198 (5th Cir. 1972); *Goodman v. Richardson,* 448 F.2d 388 (5th Cir. 1971); and *Cross v. Finch,* 427 F.2d 406 (5th Cir. 1970), all speak in terms of a waiver that was indicated at the time of the hearing, we conclude that we need not decide whether such a waiver is required when the claimant has received adequate notice as was sent her in this case. We pretermit a decision on that question because we conclude that the case must be

remanded to the administrative law judge for a further hearing because it did not meet the standards of a "full and fair hearing" as set down by *Herridge, Goodman* and *Cross, supra.*

This Court has held that subjective evidence of pain, as testified to by the claimant, may be sufficient to support a finding by the secretary of an inability to engage in any substantial gainful activity, although the subjective testimony about the claimant's pain is unaccompanied by objective medical data. *DePaepe v. Richardson,* 464 F.2d 92, 99, 100 (5th Cir. 1972); *Simmons v. Harris,* 602 F.2d 1233 (5th Cir. 1979). In this case, the administrative law judge stated that proof on behalf of the claimant must amount to an "impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." He also said: "Allegations of inability to work due to physical or mental impairment must be substantiated by clinical or laboratory findings documenting physiological or psychological abnormalities." His findings do not mention the testimony of the claimant that pain kept her from performing any gainful occupation nor the fact that this testimony was supported by her daughter who attended court with her. The only references to the subjective symptoms of which the claimant complained is in the following statements:

> At no time during the hearing was the claimant observed to be suffering any physical or mental discomfort, nor was physical pain or discomfort evidenced by any facial grimaces or restlessness.[1]

> The medical evidence reveals that although the claimant suffers some discomfort from her impairments, they do not appear severe.

It will be noted that the ALJ here refers to the "medical evidence." There is no indication that he paid any attention to the claimant's own testimony about a continuous pain. Certainly, he made no finding that he disbelieved her testimony, since he made no credibility findings at all.

 Since the record discloses a case upon which the claimant could have prevailed if all of her evidence had been believed, it was clear error for the administrative law judge to disregard completely the subjective evidence developed at the hearing. Here, the ALJ apparently applied an improper legal standard to the evidence. The case must, therefore, be remanded for a further hearing.

The judgment is REVERSED and the case is REMANDED for further proceedings not inconsistent with this opinion.

---

1. The hearing lasted only 51 minutes.