**Wilson H. PEPPERS, Plaintiff-Appellant,**

v.

**Richard S. SCHWEIKER, Secretary of Health and Human Services, Defendant-Appellee.**

No. 80–7208.

United States Court of Appeals, Fifth Circuit. Unit B

Aug. 28, 1981.

Kathleen M. Allen, Conyers, Ga., David Arnold, Atlanta, Ga., for plaintiff-appellant.

Bernard Ervin Namie, III, Asst. U.S. Atty., Macon, Ga., for defendant-appellee.

Before HILL, FAY and ANDERSON, Circuit Judges.

## ORDER

Wilson H. Peppers again asks this court to consider his claim for supplemental security income benefits. He maintains that our decision, see 633 F.2d 581 (5th Cir. 1980), in which we endorsed the denial of his claim, conflicts with three decisions rendered by another panel of .this court: *Clark v. Harris*, 638 F.2d 1347 (5th Cir. 1981), *Doss v. Harris*, 638 F.2d 1354 (5th Cir. 1981), and *Benson v. Harris*, 638 F.2d 1355 (5th Cir. 1981). We grant his motion for leave to file a petition for rehearing en banc, treating it as a petition for rehearing by this panel, and vacate our earlier opinion. While doing so, we wish to address the issues Peppers raises in his brief supporting this motion for rehearing.

Peppers contends that he was inadequately notified of his right to have representation by counsel at his hearing. Claimants in *Clark, Doss*, and *Benson* raised the same contention. Contrary to the protestations of Peppers' lawyers, however, the respective notices differed. Peppers received the following notice:

### Representation

While it is not required, you may be represented at the hearing by an attorney or other qualified person of your choice. If you wish to be represented by an *attorney* and cannot afford it, your local social security office will provide a list of offices where you may be able to obtain such representation.

### Fees for Representation

Any fee which your representative wishes to charge is subject to approval by the Bureau of Hearings and Appeals, and your representative must furnish you with a copy of the fee petition. When you receive your copy of the fee petition, you will have 20 days to comment, if you wish, regarding the requested fee.

If you are found entitled to past-due *Disability Insurance Benefits* and your representative is an *attorney*, 25 percent of such past-due benefits will be withheld by the Social Security Administration pending approval of a fee for your attorney. If the approved fee is *less* than the 25 percent withheld, the amount of the fee will be paid to your attorney from the amount withheld and the difference will be sent to you. If the approved fee is *more* than 25 percent of your past-due benefits, the 25 percent withheld will be paid to your attorney and the difference is a matter to be settled between you and your attorney. If you are found *not* entitled to past-due *Disability Insurance Benefits, or* if your representative is *not* an attorney, *none* of those benefits will be withheld by the Social Security Administration. Payment of any fee for representation is, therefore, a matter to be settled between you and your representative, after the amount of the fee has been approved by the Bureau of Hearings and Appeals.

If you are found entitled to any *Supplemental Security Income Benefits, none* of those benefits will be withheld by the Social Security Administration. Payment of any fee for representation is, therefore, a matter to be settled between you and your representative, after the amount of the fee has been approved by the Bureau of Hearings and Appeals.

Record, Vol. II, at 24. This notice is identical to the notice received by Benson. See *Benson v. Harris*, 638 F.2d at 1355–56. It is *not* identical to the notice received by Clark. See *Clark v. Harris*, 638 F.2d at 1348. Referring to the notice received by Benson, the *Benson* panel said:

We cannot hold, as we did in *Clark* and *Doss*, that this was inadequate notice to the claimant both for the possibility of her having free counsel and of the limitations on the fee that counsel could charge as a part of her recovery if any was made.

*Benson v. Harris*, 638 F.2d at 1356. Because Peppers' notice was identical to Benson's, and because the *Benson* panel held that notice adequate, we decided not to reconsider our denial of Peppers' claim.

Since then, the *Clark* and *Benson* decisions have been vacated. *See Clark v. Schweiker*, 652 F.2d 399 (5th Cir. 1981), *Benson v. Schweiker*, 652 F.2d 906 (5th Cir. 1981). Secretary Schweiker petitioned for rehearing in the *Clark* case and, ironically, it appeared that Clark actually received a notice that differed from the one quoted (or rather misquoted) in the original briefs of the parties and included in the *Clark* opinion. While considering the *Clark* petition for rehearing, the panel further analyzed the notice received by Benson and concluded that, while the notices actually received were not identical, there were no substantial differences between them. Consequently, the panel *sua sponte* vacated the *Benson* decision and held that notice inadequate too.

As we have demonstrated, the notices received by Benson and Peppers were identical. In the interest of maintaining a consistent jurisprudence, and because our mandate in *Peppers* has been stayed, we have decided to vacate our prior disposition of Peppers' claim and to rule that he was inadequately notified of his right to have representation by counsel.

Furthermore, we hold that Peppers did not waive his right to representation by counsel. It is clear from the record that Peppers agreed to proceed with his hearing even though he was not represented by an attorney. Record, Vol. II, at 31. Nevertheless, the record also reveals that Peppers decided not to retain counsel because he felt he could not afford one. *Id.* at 30–31. This, coupled with the inadequate notice, convinces us that Peppers was not properly apprised of his options concerning representation at the hearing and that he did not waive his statutory right to representation.

Thus we remand for further proceedings. If, after proper notice is given, Peppers opts to proceed without representation, then the hearing must be conducted in a manner consistent with the *Clark* and *Benson* opinions.

The judgment is VACATED and the claim REMANDED.