**Rena SCHARLOW, Plaintiff-Appellant,**

v.

**Richard S. SCHWEIKER, Secretary, of Health and Human Services, Defendant-Appellee.**

No. 81–1127
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.
Unit A

Sept. 8, 1981.

---

Roberto G. Soto, West Texas Legal Services, San Angelo, Tex., for plaintiff-appellant.

Roger L. McRoberts, Asst. U.S. Atty., Lubbock, Tex., for defendant-appellee.

BEFORE AINSWORTH, GARZA and SAM D. JOHNSON, Circuit Judges.

PER CURIAM:

Plaintiff Scharlow appeals from the district court's judgment that she take nothing in her suit to review the decision of the Secretary of Health and Human Services that denied her Supplemental Security Income disability benefits. This Court reverses and remands.

*Facts*

Mrs. Scharlow, a 56-year old woman, completed the ninth grade, was divorced in 1968, and has nine children the youngest of whom was 15 and lived at home with her as of January 8, 1980. She worked primarily as a waitress and frycook until 1966, the last time she was employed. Mrs. Scharlow filed an application for disability benefits on March 6, 1979, in which she alleged that she had been unable to work since 1966 because of constant pain in her right side and in her colon, dizzy spells, and frequent diarrhea. This application was administratively denied both initially and on reconsideration by a disability examiner. Upon Mrs. Scharlow's request, a de novo hearing was held before an administrative law judge (ALJ) on January 8, 1980.

The evidence at the hearing showed that she had been hospitalized once in 1968 and responded favorably to treatment for chronic anxiety and possible ulcerative colitis. From 1971 to 1978, she was treated by Dr. Aaron E. Landy for abdominal pain, sore throat, pain in her hips and legs, weakness and dizziness, "passing of blood," bladder pressure, severe back pain, pain in the groin area, bronchitis and pleurisy, an abscessed foot, and pain in the arms and legs. Treatment consisted of sizable dosages of a large variety of tranquilizers, pain depressants, anti-inflammatory agents, and antibiotics. Doctor Landy apparently did not perform any diagnostic or laboratory testing.

Mrs. Scharlow was again hospitalized in 1978. She complained of a "colon attack" for which she received a pain depressant, and once again in 1979 for pain and swelling in her right clavicle, which was diagnosed as chest wall muscle strain and for which she was given a pain prescription.

On May 22, 1979, Dr. Robert L. Carsner, a board certified specialist in internal medicine and diagnostics, gave Mrs. Scharlow a detailed physical examination, which included X-rays, diagnostic testing, and a complete laboratory workup. His diagnosis was that she suffered from regional ileitis (which he felt was not incapacitating), irri-table bowel syndrome, tendonitis or bursitis type pain in the right hip but no evidence of arthritis, mild hypertrophic osteoarthritis of the lumbar spine, and a psychogenic overlay but no other physical or mental impairments of any significance. Doctor Carsner's assessment of Mrs. Scharlow's residual physical functional capacity was that she retained the functional capacity to perform a wide range of sedentary work without any limitations or restrictions of any kind, or a wide range of light work not requiring more than six hours of standing or walking or more than two hours of standing at one time during an eight hour workday without any limitations or restrictions. He also indicated that she could frequently lift and carry up to twenty pounds and occasionally up to twenty-five pounds.

The ALJ issued a recommended decision on March 17, 1980, and found that Mrs. Scharlow was not disabled within the meaning of the Social Security Act and denied her claim for benefits. The recommended decision concluded that

[S]ince the medical evidence shows that the claimant has retained the physical and mental functional capacity to perform a wide range of either light or sedentary type work, it is apparent that she has retained the functional capacity to work as waitress or frycook as she previously did or at any of a great variety of entry level sedentary or light type jobs not requiring any prior training or experience and either a minimal or no education existing by the thousands throughout the national economy which she is vocationally qualified to perform.

This recommended decision was approved on review before the Appeals Council.

Mrs. Scharlow then appealed to the district court. She argued that substantial evidence in the record did not support the ALJ's findings. Essentially, she argued that the ALJ relied on Doctor Carsner's consultative report without taking into account plaintiff's testimony that she suffered from disabling pain. After receiving and considering the complaint, defendant's answer and prayer for judgment dismissing

the complaint, Mrs. Scharlow's motion for summary judgment, her opposition to defendant's prayer for dismissal, and the briefs and other documentary evidence, the district court concluded that substantial evidence supported the ALJ's determination that Mrs. Scharlow was not disabled and that the ALJ made the necessary and required findings to support that determination. Accordingly, the district court affirmed the decision of the Secretary.

On appeal, she argues that the decision below should be reversed and remanded because the ALJ's decision is based solely on the medical evidence to the apparent exclusion of consideration of her subjective complaints of disabling pain, which if believed would establish her disability. She also requests that, if remand for a new hearing is ordered, the Secretary be additionally directed to have her evaluated by a clinical psychologist or psychiatrist.

*Discussion*

■ The function of a reviewing court is to determine whether the Secretary's findings are supported by substantial evidence in the record as a whole, 42 U.S.C.A. § 405(g), and to determine the reasonableness of the decision reached, *Simmons v. Harris,* 602 F.2d 1233, 1236 (5th Cir. 1979).[1]

It is the claimant who bears the weighty burden of establishing the existence of a disability within the meaning of the Act, *Simmons,* 602 F.2d at 1236, and therefore the appellant has the burden of showing that the Secretary's decision is not supported by substantial evidence in the record. *Id.*

■ It is well established in the Fifth Circuit that pain alone can be disabling, even when its existence is unsupported by objective medical evidence if linked to a medically determinable impairment. *Ware v. Schweiker,* 651 F.2d 408, 412 (5th Cir.

1981); *Benson v. Schweiker,* 652 F.2d 406, 408 (5th Cir. 1981); *Simmons,* 602 F.2d at 1236; *Gaultney v. Weinberger,* 505 F.2d 943, 945 (5th Cir. 1974); *DePaepe v. Richardson,* 464 F.2d 92, 99–100 (5th Cir. 1972); *Page v. Celebrezze,* 311 F.2d 757, 762–63 (5th Cir. 1963); *Hayes v. Celebrezze,* 311 F.2d 648, 653–54 (5th Cir. 1963). Since pain alone or in conjunction with other impairments can give rise to a disability, *Ware,* 651 F.2d at 412, the ALJ *must* consider subjective evidence of pain as testified to by the claimant; failure to give consideration to the subjective evidence of pain and disability as testified to by the plaintiff is reversible error. *Gaultney,* 505 F.2d at 945–46; *DePaepe,* 464 F.2d at 99. How much pain is disabling is a question for the ALJ since the ALJ has primary responsibility for resolving conflicts in the evidence. *Gaultney,* 505 F.2d at 945–46. *See Simmons,* 602 F.2d at 1236 (finding resolution of whether pain was disabling unreasonable in light of the evidence).

■ Mrs. Scharlow's contention that the ALJ failed to consider the subjective evidence of pain is without merit. The ALJ expressly stated that he "carefully considered all the testimony given at the hearing." We have no reason to question the ALJ's general statement, even though he did not state that he had considered and weighed the testimony as to pain or otherwise specifically address the question of pain. *See Chaney v. Califano,* 588 F.2d 958, 960 (5th Cir. 1979); *Gaultney,* 505 F.2d at 946.

However, if the claimant could have prevailed if all of the claimant's evidence had been believed, the trier of fact has a duty to pass on the issue of the truth and reliability of complaints of subjective pain or the medical significance of such complaints once found credible. *Benson,* 652 F.2d at 408–409; *Page,* 311 F.2d at 763; *Hayes,* 311

1. This action was brought pursuant to 42 U.S.C.A. § 1383(c)(3), which provides that review of denials of application for Supplemental Security Income benefits are subject to judicial review as provided in 42 U.S.C.A. § 405(g). The statutory definition and standards for determining disability benefits under 42 U.S.C.A.

§ 423, which provides for Social Security insurance disability benefits, are the same as those for *id.* § 1382c, which provides for Supplemental Security Income disability benefits. *Ware v. Schweiker,* 651 F.2d 408, 412 (5th Cir. 1981). Therefore, cases under § 423 are appropriate for resolution of cases under § 1382c.

F.2d at 653–54. Failure to indicate the credibility choices made and the basis for those choices in resolving the crucial subsidiary fact of the truthfulness of subjective symptoms and complaints requires reversal and remand. *Hayes*, 311 F.2d at 653–54. *See Benson*, 652 F.2d 408–09; *Page*, 311 F.2d at 763.

In this case, the ALJ failed to make a specific finding regarding Mrs. Scharlow's allegation of pain. As in *Benson*, 652 F.2d at 408, the ALJ referred to "the medical evidence" as the basis for his decision, and gave no indication how much attention he paid to the testimony about pain. As in *Benson*, he made no credibility findings at all, and therefore made no finding that he disbelieved her testimony. Since Mrs. Scharlow's allegations of pain were serious enough to warrant a credibility determination, reversal and remand is required.

■ The Secretary, however, argues that we should nonetheless affirm the denial of benefits in this case because the medical evidence shows that she has no significant impairment, and that it is the claimant who must show the impairment is severe enough to incapacitate the individual from performing any substantial gainful activity. *Demandre v. Califano*, 591 F.2d 1088, 1090 (5th Cir. 1979). In support of this contention, the Secretary notes that no family or friends gave corroborating testimony with regard to Mrs. Scharlow's alleged pain, relying on *DePaepe*, 464 F.2d at 94, which stated that the ALJ must consider subjective evidence of pain testified to by claimant and corroborated by others who have observed him, among other things. Although there was no corroborating testimony with regard to Mrs. Scharlow's testimony of pain, there was medical evidence corroborating that allegation. Doctor Carsner's consultative report diagnosed Mrs. Scharlow as having "tendonitis or bursitis type pain in the right hip." Her medical history showed repeated treatment for complaints of pain. Since this medical evidence indicated that the ascertainment of the existence of an actual disability depended on determining the truth and reliability of her complaints of subjective pain or the medical significance of those complaints once credited the ALJ was remiss in his duty to resolve that issue. *Page*, 311 F.2d at 763.

Nor, contrary to what the Secretary suggests, did the ALJ determine that Mrs. Scharlow did suffer from pain but that it was not disabling because it was either remedial or otherwise did not prevent her from engaging in substantial gainful activity. The ALJ simply concluded that she retained the physical and mental functional capacity to perform a wide range of either light or sedentary type work in reliance on the conclusion of Doctor Carsner's consultative report. The ALJ did not expressly adopt the report in its entirety, or otherwise indicate that he found Mrs. Scharlow to be suffering from some pain. Since Mrs. Scharlow's allegations of pain, the existence of which was corroborated by Doctor Carsner's consultative report, could have been found disabling if her testimony had been believed, this Court reverses the denial of disability benefits and remands the case for further hearing.

■ Although we reverse and remand, we reject Mrs. Scharlow's request that the Secretary be required to have her evaluated by a clinical psychologist or psychiatrist. The burden of proving disability is upon the claimant. *Gaultney*, 505 F.2d at 946. Plaintiff remains free to further develop Doctor Carsner's diagnosis that she suffers from a psychogenic overlay in the proceedings on remand.

The judgment of the district court is reversed and the case is remanded for further proceedings not inconsistent with this opinion.

REVERSED & REMANDED.