**Lula M. MILLER, Plaintiff,**

v.

**Richard S. SCHWEIKER, Etc., Defendant.**

Civ. A. No. 81–298–N.

United States District Court, M.D. Alabama, N.D.

April 6, 1983.

Lawrence F. Gardella, Legal Services Corp. of Ala., Montgomery, Ala., for plaintiff.

Carl H. Harper, Regional Atty., Jerry J. Wall, Asst. Regional Atty., Dept. of Health and Human Services, Atlanta, Ga., and Calvin C. Pryor, Asst. U.S. Atty., Montgomery, Ala., for defendant.

## OPINION

VARNER, Chief Judge.

This cause is before the Court on Plaintiff's motion filed herein February 18, 1983, for fees under the Equal Access to Justice Act (hereinafter the Act), 28 U.S.C. § 2412(d) [Supp.1982]. Upon consideration of the motion and of the affidavit and brief in support thereof and for the reasons stated below, this Court is of the opinion that the motion is due to be denied at this stage of the proceedings.

The Plaintiff (sometimes referred to as Claimant in the pleadings) claimed that various physical ailments have totally and permanently disabled her from pursuing gainful employment. On November 6, 1979, the Plaintiff filed an application with the Social Security Administration (SSA) for Supplemental Security Income (SSI) disability benefits. The SSI disability benefits are the remedies that the Plaintiff ultimately seeks to obtain. On February 8, 1980, the SSA determined that the Plaintiff was not disabled and, thus, not entitled to SSI benefits. The Plaintiff then requested a hearing, and on June 30, 1980, a hearing was held before an Administrative Law Judge (ALJ) of the SSA. On October 24, 1980, the ALJ denied the Plaintiff's claim and ruled that the regulations of Defendant Secretary directed a finding of no disability. The Plaintiff then requested a review by the

Appeals Council of the SSA. On March 27, 1981, the Appeals Council declined to review the ALJ's decision, which constituted the final decision of Defendant Secretary.

On May 27, 1981, the Plaintiff filed a complaint in this Court seeking judicial review of Defendant Secretary's decision. This Court referred the complaint to the Magistrate for his recommendation, which recommendation was filed on August 18, 1982. The Magistrate, finding errors of law in the opinion of the ALJ, recommended that the case be remanded to Defendant Secretary for reconsideration according to the proper legal standard.

The Magistrate found two specific errors that should cause the case to be remanded and to be reconsidered. The first error was that Defendant Secretary incorrectly applied the medical vocational ("grid") regulations without adjudicating the impact of the Plaintiff's age on her claimed disability pursuant to *Broz v. Schweiker*, 677 F.2d 1351 (11th Cir.1982). Second, pursuant to *Benson v. Schweiker*, 652 F.2d 406 (5th Cir. 1981), Defendant Secretary failed to take into consideration the pain from which the Plaintiff suffers. On November 23, 1982, this Court remanded this case to Defendant Secretary for further proceedings in light of *Broz* and *Benson, supra*.

On January 10, 1983, this Court ordered Defendant Secretary to stay any further proceedings in this case due to the fact that, on November 5, 1982, the United States Court of Appeals for the Eleventh Circuit stayed its mandate in *Broz*. However, on January 26, 1983, this Court realized that, due to the *Benson* decision, regardless of the decision of the United States Supreme Court in *Broz*, the stay should be vacated and that the case should be remanded to Defendant Secretary for his reconsideration.

As a result of this Court's Order of January 26, 1983, the Plaintiff now moves for an award of attorneys' fees pursuant to the Act, in particular, 28 U.S.C. § 2412(d) [Supp.1982]. This statute states, in part:

"(d)(1)(A) Except as otherwise specifically provided by statute, a court shall award to a *prevailing party* other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort) brought by or against the United States in any court having jurisdiction of that action, *unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust*." 28 U.S.C. § 2412(d)(1) (A). [emphasis added]

It is this Court's opinion that the issues of whether Defendant Secretary was "substantially justified or that special circumstances make an award unjust" should be preceded by the issue of whether the Plaintiff can be considered the "prevailing party" at this juncture of the proceedings. This Court will now address the "prevailing party" issue.

There seems to be no question that the Act covers the granting of attorneys' fees when there is a judicial review of SSA administrative proceedings by a district court where the agency (SSA) takes a position in the case. 28 U.S.C. § 2412; 5 U.S.C. §§ 504, 504(a)(1), (b)(1)(C); Social Security Act, §§ 1 *et seq*. This has occurred in this situation; however, it is noted that the Plaintiff must still be the "prevailing party".

The Plaintiff claims that, because she obtained a reversal of Defendant Secretary's decision denying her SSI benefits and a remand to Defendant Secretary, she is a "prevailing party" under the Act. She cites as her authority *Ocasio v. Schweiker*, 540 F.Supp. 1320 (S.D.N.Y.1982) and *Berman v. Schweiker*, 531 F.Supp. 1149 (N.D.Ill.1982). This Court has reviewed *Ocasio* and *Berman* and cannot agree with the Plaintiff that the facts are the same as the present case. In *Ocasio*, after the plaintiff had exhausted her administrative remedies, she filed her complaint to the district court seeking a judicial review. Upon plaintiff's filing of the complaint, the SSA *acknowledged* that it had made an error. Subsequently, *Ocasio* was settled by stipulation, and the district

court issued an order correcting the SSA interpretation of the claim and, thereby, granting the benefits the plaintiff sought. In the *Berman* case, after the plaintiff had exhausted her administrative remedies, she filed a complaint in the district court for a judicial review. The district court granted a summary judgment in her favor.

It is clear to this Court that the present case is different. This Court has only *remanded* the case to Defendant for his *reconsideration* pursuant to *Benson* of the pain that the Plaintiff claims she suffers. The Plaintiff, at this stage of the proceedings, has not received any part of the benefits she seeks; therefore, it is this Court's opinion that she cannot be considered the "prevailing party". See, *Whitehead v. Richardson,* 446 F.2d 126 (6th Cir.1971).

Since this Court is of the opinion that the Plaintiff is not the "prevailing party" at this stage of the proceedings, it is not necessary for this Court to presently address the issues of whether Defendant Secretary is "substantially justified" in his actions or "that special circumstances make an award unjust".

An Order will be entered in accordance with this Opinion, denying Plaintiff's motion for attorneys' fees.