UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-20050
_____

JAMES L. BOLDS,

Plaintiff-Appellant,

versus

KENNETH S. APFEL, COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Texas
(H-97-CV-1915)
_____

October 1, 1999

Before POLITZ, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

James L. Bolds appeals from the district court's judgment affirming the Commissioner's denial of Bolds' application for disability and supplemental security income (SSI). Finding the Commissioner's decision supported by substantial evidence, we affirm.

Bolds applied for disability and SSI benefits, alleging that he was disabled due to diabetes mellitus and a visual impairment. After a hearing, the administrative law judge (ALJ) found that Bolds was not disabled. The Appeals Council remanded the case to

_____

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

the ALJ for evaluation of Bolds' mental impairment and the credibility of his testimony. On remand, the ALJ held a second hearing and again found Bolds not disabled. The Appeals Council denied his request for additional review.

Pursuant to 42 U.S.C. section 405(g), Bolds sought review of the Commissioner's determination in the district court. The parties consented to trial by magistrate judge. After hearing the parties' arguments on their respective motions for summary judgment, the magistrate judge found substantial evidence to support the Commissioner's finding that Bolds was not disabled and affirmed the Commissioner's denial of both SSI and disability benefits.

If substantial evidence supports the Commissioner's findings, they are conclusive and must be affirmed. *Spellman v. Shalala,* 1 F.3d 357, 360 (5th Cir. 1993). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the decision. *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983).

The Commissioner uses a sequential five-step test to determine whether a claimant qualifies as "disabled" under the Social Security regulations. *Leggett v. Chater,* 67 F.3d 558, 563 (5th Cir. 1995). In this five-step inquiry, the Commissioner considers: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the impairment is listed, or equivalent to an impairment listed in Appendix I of the regulations; (4) whether the impairment prevents the claimant from doing past relevant work;

2

and, (5) whether the impairment prevents the claimant from performing any other substantial gainful activity. *Id*. at 563 n.2. The claimant bears the burden of proving disability for the first four steps. *See Leggett,* 67 F.3d at 564. If, at any step of the inquiry, the Commissioner finds that the claimant is or is not disabled, the inquiry is terminated. *Id.*

Here, the ALJ found that Bolds had not engaged in substantial gainful activity since November 14, 1989. In particular, the ALJ found that Bolds suffered from severe forms of diabetes mellitus, diabetic retinopathy, and keratoconus as well as a non-severe depressive disorder. None of Bolds' ailments, either considered individually or in combination, however, met the requirements of the impairments listed in Appendix I of the regulations. Because Bolds could not be found disabled based solely upon consideration of medical factors, the ALJ assessed Bolds' residual functional capacity. In doing so, the ALJ considered Bolds' testimony in combination with the objective record evidence. Although the ALJ determined that Bolds was unable to perform his past relevant work as a result of the exertional level demanded, the ALJ--relying in large part upon the medical opinions of Bolds' treating physicians--did find that Bolds had the residual functional capacity to perform light work. Based upon the testimony of the vocational expert, the ALJ concluded that Bolds had work skills (acquired from past work) that could be applied to other skilled or semi-skilled work functions. The ALJ therefore determined that Bolds was not entitled to SSI and disability benefits.

Bolds argues that the ALJ failed to indicate the reasons for

discrediting Bolds' testimony concerning his subjective evidence of pain. We recognize that pain alone can be disabling if connected to a medically determinable impairment and that the ALJ has a duty to pass on the issue of the truth and reliability of complaints of subjective pain. *Scharlow v. Schweiker,* 655 F.2d 645, 648-49 (5th Cir. Unit A 1981).

Although recognizing that Bolds took certain pain medication twice a day, the ALJ found no documented impairment capable of producing the severe back pain alleged by Bolds. The ALJ noted that although Bolds testified that he experienced adverse side effects to medications, the evidence did not indicate that he had made such complaints to treating physicians. Moreover, the ALJ found that Bolds' testimony regarding the severity of his symptoms and limitations was not consistent with his medical regimen, daily activities, or the objective evidence of record. Under these circumstances, we find that the ALJ adequately indicated the credibility choices made in determining that Bolds' complaints of pain were not credible. Thus, we conclude that there is substantial evidence to support the Commissioner's final determination.

AFFIRMED