# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 28, 2008

Charles R. Fulbruge III
Clerk

No. 07-51266
Summary Calendar

IRMA A SALGADO

Plaintiff-Appellant

v.

MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:06-CV-98

Before HIGGINBOTHAM, STEWART, and OWEN, Circuit Judges.

PER CURIAM:[*]

Irma Salgado applied to the Social Security Administration for disability insurance. An administrative law judge found that she did not have a severe impairment. An Appeals Council found a severe impairment but determined that she had residual functional capacity to perform her former relevant work as a worker at a fast food restaurant. The district court affirmed. We also affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

I

Salgado stopped working in 2001 and filed an application with the Social Security Administration for Disability Insurance Benefits under Title II of the Social Security Act in 2002. She had previously worked as a dish washer, a certified nurse's aid, and a short order cook/counter attendant. In her application and testimony, she stated that she had pain in her feet, hands, and neck and was unable to be on her feet or to sit down for long periods of time. Although she could do some cleaning and cooking in her home, she claimed that she had to frequently lie down because of the pain. Her medical record contained evidence from two examinations by agency medical consultants. Dr. Raj Pandya reported that Salgado had complained of arthritic pain throughout her body and particularly in her ankles and neck and told him that she could not sit, stand, or walk for long periods, that her ankles swelled, and that she often had to lie down. Dr. Pandya reported no findings of a severe disease and did not find any physical evidence supporting the arthritic pain described by Salgado. He diagnosed her with osteoarthritis. An x-ray ordered by the doctor showed degenerative disc and facet disease. Dr. Thwe Htay, the second examining consultant, reported that Salgado made similar complaints to him of constant pain in the feet and ankles, swelling, and the inability to lift more than ten pounds or stand for long periods. He reported that the medical evidence did not fully support Salgado's claimed arthritic symptoms, but he found some tenderness in the hands and some swelling in the ankles; he diagnosed Salgado with bilateral hand pain, ankle pain, and foot pain.

Three medical consultants also examined Salgado's functional capacity. The first found that she could "[s]tand and/or walk (with normal breaks) for a total of" "about 6 hours in an 8-hour workday" and found no postural, manipulative, visual, communicative, or environmental limitations. A secondary

diagnosis, as well as a third full diagnosis, also found that she could stand, walk, or sit for six hours out of the work day and found no postural, manipulative, visual, communicative, or environmental limitations.

The Social Security Act provides insurance benefits for certain disabled individuals. An individual is disabled under the Act if she is unable

> to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.[1]

To determine whether an individual is disabled, the Social Security Administration follows a "five-step sequential evaluation process,"[2] which we have described as follows:

> 1. An individual who is working and engaging in substantial gainful activity will not be found disabled regardless of the medical findings.
>
> 2. An individual who does not have a "severe impairment" will not be found to be disabled.
>
> 3. An individual who meets or equals a listed impairment in Appendix 1 of the regulations will be considered disabled without consideration of vocational factors.
>
> 4. If an individual is capable of performing the work he has done in the past [i.e., has "residual functional capacity], a finding of "not disabled" must be made.
>
> 5. If an individual's impairment precludes him from performing his past work, other factors including age, education, past work

---

[1] 42 U.S.C. § 423(d)(1)(A).

[2] 20 C.F.R. § 404.1520(a)(4).

experience, and residual functional capacity must be considered to determine if other work can be performed.[3]

As part of this five-step process, adjudicators consider both objective evidence from medical reports and subjective evidence, such as an applicant's claims regarding symptoms and pain. An adjudicator is required to follow what we will call, for the purposes of this case, an "objective-subjective" two-step process in evaluating an applicant's subjective evidence and the applicant's credibility, if a credibility determination is necessary. Under this two-step process to evaluate an applicant's subjective claims, the adjudicator must first determine whether there is an impairment that reasonably produced the symptoms complained of. If the adjudicator finds no impairment, the individual is not disabled. If an impairment is identified, the adjudicator then considers the applicant's statements about symptoms and the remaining evidence in the record to determine the strength of the symptoms and how the symptoms affect the applicant's ability to do basic work. The adjudicator also determines the credibility of the applicant's claims about symptoms. The two-step process is outlined in Social Security Ruling (SSR) 96-7p:

> 1. [Objective] No symptom or combination of symptoms can be the basis for a finding of disability, no matter how genuine the individual's complaints may appear to be, unless there are medical signs and laboratory findings demonstrating the existence of a medically determinable physical or mental impairment(s) that could reasonably be expected to produce the symptoms.

> 2. [Subjective] When the existence of a medically determinable physical or mental impairment(s) that could reasonably be expected to produce the symptoms has been established, the intensity, persistence, and functionally limiting effects of the symptoms must be evaluated to determine the extent to which the symptoms affect the individual's ability to do basic work activities. This requires the

---

[3] Harrell v. Bowen, 862 F.2d 471 (5th Cir. 1988) (paraphrasing 20 C.F.R. § 404.1520(b)-(f)).

adjudicator to make a finding about the credibility of the individual's statements about the symptom(s) and its functional effects.[4]

The ALJ held a hearing in 2005. Under this two-step process, he concluded at the first step that there was no "objective evidence of any impairment that could have reasonably been expected to substantially interfere with the claimant's ability to engage in basic work activities" and that "the medical record fails to demonstrate a severe mental impairment that has lasted for 12-months." The ALJ, in making this determination, also discussed evidence that applied to the second step of the analysis, such as Salgado's ability to lift objects, stand up for limited periods of time, and cook and clean.

Salgado appealed, and the Appeals Council reached a different conclusion, finding that Salgado did have a severe impairment. At the fourth step of the five-step inquiry for disability, however, it concluded, adopting the ALJ's findings that were pertinent to the second step of the objective-subjective analysis, that despite her impairment, Salgado had residual functional capacity that allowed her to do her past work as a fast food cook and cashier. It concluded that Salgado "was not under a disability as defined in [the] Social Security Act, at any time through the date of the decision."

Salgado appealed to the district court, arguing that the Appeals Council had not used the proper legal standards in evaluating her subjective symptoms and credibility; that it had not made necessary findings regarding her credibility; and that the Council failed to consider all relevant evidence when determining that she had residual functional capacity that allowed her to work. The district court affirmed. She raises similar arguments in her appellate brief. Specifically, she argues that the Appeals Council did not follow the proper legal standards in

---

[4] 1996 WL 374186 at *1 (July 2, 1996).

evaluating her subjective symptoms under SSR 96-7p ("Evaluation of Symptoms in Disability Claims") and 20 C.F.R. §404.1529 ("How we [the Social Security Administration] evaluate symptoms, including pain."); did not make the necessary credibility choices regarding Salgado's testimony on symptoms and other indicators of disability; and did not consider the entire record in determining her residual functional capacity. We address each of these in turn.

## II

In a disability case, "[t]he function of a reviewing court is to determine whether the. . . [agency's] findings are supported by substantial evidence in the record as a whole and to determine the reasonableness of the decision reached."[5] Salgado argues that the Appeals Council did not follow proper legal procedure in evaluating her subjective symptoms under SSR 96-7p and 20 C.F.R. §404.1529. Under the objective-subjective two-step analysis for disability symptoms, the ALJ found no impairment at step 1. The Appeals Council answered "yes" to step one, finding that there was an objective impairment, but then, instead of independently evaluating her symptoms to determine her ability to do work activities, it relied on the ALJ record for step 2 evidence for the work activity analysis. Based on this ALJ-derived step 2 analysis, the Appeals Council found that Salgado had residual functional capacity and could work despite her impairment.

Both SSR 96-7p and 20 C.F.R. §404.1529 emphasize that subjective symptoms alone, absent some indication that they are supported by objective medical evidence, fail to support a disability finding. 20 C.F.R. § 404.1529 states,

> Your symptoms, such as pain, fatigue, shortness of breath, weakness, or nervousness, will not be found to affect your ability to

---

[5] Scharlow v. Schweiker, 655 F.2d 645, 648 (1981).

do basic work activities unless medical signs or laboratory findings show that a medically determinable impairment(s) is present. . . .

Since symptoms sometimes suggest a greater severity of impairment than can be shown by objective medical evidence alone, we will carefully consider any other information you may submit about your symptoms. . . . Because symptoms, such as pain, are subjective and difficult to quantify, any symptom-related functional limitations and restrictions which you, your treating or nontreating source, or other persons report, which can reasonably be accepted as consistent with the objective medical evidence and other evidence, will be taken into account as explained in paragraph (c)(4) of this section in reaching a conclusion as to whether you are disabled.[6]

Similarly, SSR 96-7p states,

No symptom or combination of symptoms can be the basis for a finding of disability, no matter how genuine the individual's complaints may appear to be, unless there are medical signs and laboratory findings demonstrating the existence of a medically determinable physical or mental impairment(s) that could reasonably be expected to produce the symptoms.[7]

The Appeals Council found a severe impairment and was required under Ruling 96-7p to then evaluate "the intensity, persistence, and functionally limiting effects of the symptoms . . . to determine the extent to which the symptoms affect the individual's ability to do basic work activities." To do so, the Appeals Council "considered the claimant's statements concerning the subjective complaints (Social Security Ruling 96-7p) and adopt[ed] the Administrative Law Judge's conclusions in this regard."

As the Commissioner argues, "the ALJ evaluated the intensity, persistence, and limiting effects of Plaintiff's symptoms and determined that there was no objective evidence that any impairment could substantially

---

[6] 20 C.F.R. § 404.1529 (b), (c)(3) (emphasis added).

[7] SSR 96-7P, 1996 WL 374186 at *1 (emphasis added).

interfere with her ability to engage in basic work activities." We are not persuaded by Salgado's argument that the ALJ's subjective analysis was erroneous in its reliance upon objective evidence. Although in Scharlow v. Schweiker we held that "[i]t is well established in the Fifth Circuit that pain alone can be disabling, even when its existence is unsupported by objective medical evidence if linked to a medically determinable impairment,"[8] this case does not stand for the proposition that pain must be considered independently of the objective evidence. Rather, we concluded, "Since pain alone or in conjunction with other impairments can give rise to a disability . . . the ALJ must consider subjective evidence of pain as testified to by the claimant; failure to give consideration to the subjective evidence of pain and disability as testified to by the plaintiff is reversible error."[9]

> The ALJ considered this objective evidence, stating, for example,

> She said that she cannot do any of her past relevant work since she could not [sic] longer do the heavy lifting because her hands throb all the time. She also asserted that she cannot be on her feet due to pain in her feet. She asserted that she is able to do cleaning around the house, but does a little and then lies down. She reported that she has problems sleeping at night . . . . She reported that she has swelling in her hands, knees, and feet. She said that she also has arthritis in her neck. She admitted that she has problems with her grip and she has problems dropping things in her hands. She reported that she has pain all over her body and she takes pain medications.

The ALJ also looked to the medical consultant's reports, which indicated that Salgado

> reported that her hand pain and wrist pain are worse by lifting heavy objects or doing any work with her hands. She said that she can lift up to 10 pounds, but sometimes she drops even a cup of

---

[8] 655 F.2d 645, 648 (5th Cir. 1981).

[9] Id. (emphasis added).

water, if she has pain in her hand. She reported that her daughter-in-law helps with the cleaning of the house, but she is able to do the cooking . . . She reported that she can stand up to 30 minutes and walk up to two blocks.

The Appeal Council's adoption of the ALJ's subjective findings, which included the requisite subjective findings on intensity, persistence, and so on, and the Council's corresponding failure to perform an independent subjective analysis for step 2 of the objective-subjective test, was not legal error.[10]

III

Salgado argues that the Council made two errors with respect to credibility. First, she alleges, the Council made a procedural legal error by failing to

> make any credibility finding based on the record as a whole, or make any type of statement that he either believed or disbelieved Salgado's testimony and reports. Instead, he simply found a complete absence of objective support for Salgado's statements as to her symptom-related limitations. That does not represent the type of credibility finding required by SSR 96-7p.

She also alleges that the Council erred in failing to make independent credibility findings. SSR 96-7p requires,

> In recognition of the fact that an individual's symptoms can sometimes suggest a greater level of severity of impairment than can be shown by the objective medical evidence alone, 20 CFR 404.1529(c) and 416.929(c) describe the kinds of evidence, including the factors below, that the adjudicator must consider in addition to

---

[10] Salgado argues that the Appeals Council should have done its own RFC assessment under 20 C.F.R. § 404.1545 and 20 C.F.R. § 404.1529(c), as well as SSR 96-7p. These regulations require consideration of factors, such as "any statements about what . . . [the applicant] can still do that have been provided by medical sources" (20 C.F.R. § 404.1545 (a)(3)) and "history, the signs and laboratory findings, and statements . . . about how . . . [the applicant's] symptoms affect . . . [the applicant]" (20 CFR § 404.1529(c)). As we have discussed, these factors were included in the ALJ decision and thus did not require an independent analysis by the Council.

the objective medical evidence when assessing the credibility of an individual's statements:

> 1. The individual's daily activities;
> 2. The location, duration, frequency, and intensity of the individual's pain or other symptoms;
> 3. Factors that precipitate and aggravate the symptoms;
> 4. The type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms;
> 5. Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms;
> 6. Any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and
> 7. Any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.[11]

SSR 96-7p also requires that "[t]he determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record."[12]  In Scharlow we similarly held,

> Failure to indicate the credibility choices made and the basis for those choices in resolving the crucial subsidiary fact of the truthfulness of subjective symptoms and complaints requires reversal and remand.[13]

The ALJ's decision makes it clear that the ALJ took into account Salgado's testimony regarding her symptoms and pain in considering the weight of her subjective claims.  The ALJ discussed the kind of evidence required for credibility decisions under SSR 96-7p, evaluating Salgado's daily activities, such as cooking, cleaning, and laundry; the location of her pain in her hands, wrists,

---

[11]  1996 WL 374186 at *3.

[12]  Id. at *2.

[13]  655 F.2d at 649 (citing Hayes v. Celebrezze, 311 F.2d 648, 653-54 (5th Cir. 1963)).

feet, ankles, and neck as well as "all over"; the types of medication that she took and the periods of time during which she took it; and other alleviating measures such as lying down when she was in too much pain to continue cooking or cleaning. In so doing, the ALJ, as required by SSR 96-7p, provided credibility reasons and findings that were "sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight."

Salgado argues that the ALJ's credibility findings were improper because of our holding in Scharlow that "pain alone can be disabling, even when its existence is unsupported by objective medical evidence if linked to a medically determinable impairment."[14] Credibility decisions, she argues, cannot be based solely on whether the objective evidence supports an applicant's subjective complaints of pain.

Although the ALJ's central reason for giving Salgado's subjective evidence less weight than the medical evidence was the failure of her symptoms to match the objective medical evidence, he also considered Salgado's reports to consultants and her testimony regarding her ability to perform various tasks. He discussed, for example, her descriptions to medical consultants, wherein

> She reported that she can handle objects. She reported that she can do daily activities of daily living by herself. . . . She reported that she has pain daily and all the time and lies down in bed a lot of time. However, she reported that she can do cleaning, laundry, and cooking, but she cannot do activities for a long time.

He also found, "The claimant testified at the hearing that she completed the eleventh grade . . . but she was shy of three months from graduating high school. However, she testified that she cannot read or write in English and asserted that she did not make good grades, but she was promoted by her teachers." Although

---

[14] Id. at 648.

the ALJ did not then indicate that he disbelieved Salgado's testimony because of inconsistencies that he identified, his statements provide sufficiently "specific reasons for the finding on credibility."[15]

Finally, Salgado argues that the Appeals Council erred in failing to make its own findings as to credibility. Because the ALJ did not reach the second step of the analysis after finding that Salgado was not impaired, she alleges, adoption of the ALJ's subjective analysis by the Appeals Council was improper. SSR 96-7p requires,

> whenever the individual's statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the adjudicator must make a finding on the credibility of the individual's statements based on a consideration of the entire case record. This includes the medical signs and laboratory findings, the individual's own statements about the symptoms, any statements and other information provided by treating or examining physicians or psychologists and other persons about the symptoms and how they affect the individual, and any other relevant evidence in the case record. . . . an individual's symptoms, including pain, will be determined to diminish the individual's capacity for basic work activities to the extent that the individual's alleged functional limitations and restrictions due to symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence in the case record.[16]

The ALJ's credibility determinations were sufficient for the Appeals Council's finding on Salgado's residual functioning. The ALJ considered and discussed the entire record, including laboratory findings such as Salgado's blood tests, Salgado's statements as to her pain and the activities that she was able or unable to do, her reports of symptoms to medical consultants, and medical consultants' conclusions.

---

[15] 1996 WL 374186 at *2.

[16] Id.

IV

By adopting the ALJ's findings with respect to Salgado's daily activities, treatment, alternatives to treatment, and her difficulties in doing various activities, the Appeals Council properly considered the entire record, both with respect to credibility and with respect to the strength of Salgado's subjective symptoms. We are not persuaded that the Council failed to base its residual function capacity assessment on the entire record.

AFFIRMED.