**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 3, 2009

No. 09-30072
Summary Calendar

Charles R. Fulbruge III
Clerk

BERDETTA L ADAMS

Plaintiff-Appellant

v.

MICHAEL J ASTRUE, COMMISSIONER OF SOCIAL SECURITY

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Louisiana
3:07-CV-1923

Before DAVIS, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Berdetta L. Adams ("Adams") appeals the district court's decision to affirm the Administrative Law Judge's ("ALJ") denial of Social Security disability benefits. Because we find there was substantial evidence to support the ALJ's determination that Adams is not disabled, we affirm.

Adams filed for Social Security benefits in February 2006 after undergoing successful right-knee surgery a year earlier and breaking her wrist. Adams was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

examined by Scott Pollack, M.D., a physician with the state Disability Determination Services. Dr. Pollack reported mild swelling in both knees, but normal ambulation with proper gait and station, full yet painful knee flexion, and good dexterity in the upper extremities. Adams' application for disability benefits was denied. At the hearing before the ALJ, Adams testified that she had severe pain in both legs when sitting or standing for more than 20-30 minutes, but also testified that she was able to sit or stand for two hours at a time when taking pain medication. The ALJ found Adams' statements about the intensity, duration and restrictiveness of her pain to be less than credible, and found that Adams had the residual functional capacity to perform sedentary work was therefore not disabled. The Appeals Council refused Adams' request for review of the ALJ decision, and she appealed to the district court. The district court adopted the magistrate judge's report and recommendation and affirmed the ALJ's decision.

In evaluating a disability claim, the ALJ conducts a five-step sequential analysis to determine whether "(1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity." *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir.2007). If, at any step, the claimant is determined to be disabled or not disabled, the determination is conclusive and the inquiry ends. *Id.* The burden of establishing disability rests with the claimant for the first four steps and then shifts to the Commissioner to show that there is other substantial work in the national economy that the claimant is able to perform. *Id.* Assessment of "residual functional capacity" is used at the fifth step to determine whether the claimant can adjust to any other type of work. *See Perez v. Barnhart*, 415 F.3d 457, 462 (5th Cir.2005).

On appeal, Adams argues that (1) the Commissioner did not meet its burden of proof under Step 5 to show that Adams had the residual functional capacity ("RFC") to perform a full range of sedentary work; and (2) the ALJ erred in not crediting Adams' statements about the pain she suffered. Our task on appellate review is to examine whether substantial evidence exists in the record to support the ALJ's determination. *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990)(citation omitted). There is no substantial evidence when no medical findings or evidence supports the ALJ's determination. *Johnson v. Bowen*, 864 F.2d 340, 342-44 (5th Cir. 1988).

Sedentary work involves "lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." 20 C.F.R. § 404.1567(a). "[S]edentary work 'implies a capacity to sit for at least 6 hours in an 8-hour work day.'" *Lawler v. Heckler*, 761 F.2d 195, 197-198 (5th Cir. 1985).

The record shows substantial evidence that Adams retained the residual functional capacity to perform work at the sedentary level. Dr. Pollack found that Adams can sit, lift, hear, speak and handle objects, could stand at one time for 20 minutes, could drive a car, could walk on level ground for one hour, and could sweep, mop, vacuum, cook and do dishes. Dr. Pollack also opined that an assistive device was not necessary. Adams self-reported when she filed for benefits in 2006 that she could do laundry, some cleaning, dusting, cleaning the bathroom and making beds, and that it took her about 8 hours to complete all chores. She also reported that she could stand for one hour if she took 30 minute breaks in between, that she could lift 20 pounds, and she could walk for 20-30 minutes before needing to stop to rest. The ALJ also found that Adams worked part-time as a sitter, two days a week from 11:00 pm to 7:00 am. The sum of this

evidence meets the standard for demonstrating RFC at the sedentary work level, thus supporting the ALJ's finding that Adams is not disabled under Step 5 of the inquiry.

Adams also argues that the ALJ erred in not crediting her statements regarding her pain. "Since pain alone or in conjunction with other impairments can give rise to a disability, . . . the ALJ must consider subjective evidence of pain as testified to by the claimant; failure to give consideration to the subjective evidence of pain and disability as testified to by the plaintiff is reversible error." *Scharlow v. Schweiker,* 655 F.2d 645, 648 (5th Cir. 1981). How much pain is disabling is a factual determination for the ALJ. *Id.*

The ALJ found that, though Adams' symptoms of pain were reasonably attributable to her medical impairments, Adams' statements regarding the intensity, persistence and limiting effects of her symptoms were not entirely credible. The ALJ found that workups did not demonstrate the etiology that would result in the debilitating pain Adams described; and that while x-rays indicated some mild degenerative processes, they did not indicate that Adams is 100% disabled. The ALJ also relied on evidence of Adams' daily activities. Thus, the ALJ clearly considered and accounted for Adams' statements about her pain, but did not find the medical and other evidence to be consistent with her statements about the intensity, duration and restrictive effect of the pain. Because substantial evidence exists that Adams' pain is not debilitating, and because the ALJ has the responsibility for resolving conflicting evidence, *Scharlow*, 655 F.3d at 649, the ALJ did not commit reversible error in determining that Adams is not disabled.

We thus AFFIRM the judgment of the district court.