**A. N. DERINGER, INC.**

v.

**UNITED STATES.**

**C.D. 4732.**
**Court No. 73–8–02143.**

United States Customs Court.

Jan. 25, 1978.

Barnes, Richardson & Colburn, New York City (Joseph Schwartz and Edward F. Christopher, New York City, of counsel), for plaintiff.

Barbara Allen Babcock, Asst. Atty. Gen., Washington, D.C. (Mark K. Neville, Jr., and Laura D. Millman, trial attys.,) New York City, for defendant.

FORD, Judge:

2.  The merchandise involved in this case was, at the time entry thereof into the commerce of this country was sought, in violation of the Federal Food, Drug and Cosmetic Act and regulations enacted pursuant to the Fair Packaging and Labeling Act in the following respects because of the manner in which it was labeled: by not having the accurate net weight of the product listed [Food, Drug and Cosmetic Act, section 403(e)(2)]; by not having the net weight declaration appear in type at least ⅛ inch high, separated above and below other printed information by at least the size of the declaration [FPLA, Sec. 1.8b(i)(2)]; by not including the Canadian Province of origin in the business address [FPLA, Sec. 1.8a(d)].

3.  Because of the foregoing violations, plaintiff was sent on June 7, 1972, two Notices of Detention and Hearing on form FD–777, copies of which are attached hereto as Joint Exhibit A.

4.  Plaintiff, as a result of the nonconforming labeling, was sent Notices of Detention and Hearing but failed to communicate in any way with the Food and Drug Administration, although the Notices gave plaintiff the privilege of ap-

pearing for a hearing, and failed to relabel the merchandise.

5. The merchandise involved in this case, if relabeled to correct the deficiencies noted in paragraph 1, would not have been in violation of the Federal Food, Drug and Cosmetic Act and regulations enacted pursuant to the Fair Packaging and Labeling Act.

6. The merchandise involved in this case, if so relabeled, would not have had to have been exported, and could have been released into the commerce of the United States.

7. The merchandise was the subject of two Notices of Refusal of Admission (Form FD–772), copies of which are attached as Joint Exhibit B, which were sent to plaintiff on June 27, 1972, only after plaintiff failed to communicate in any way with the Food and Drug Administration.

8. The involved merchandise was exported on June 27, 1972.

9. The involved case is hereby submitted for decision upon this set of stipulated facts, with plaintiff requesting 60 days after approval of this stipulation within which to file a brief and defendant requesting 60 days after receipt of plaintiff's brief within which to file its brief.

Based upon the pleadings filed herein the court notes the entry involved was liquidated on June 23, 1972. The liquidation was reviewed under section 520, Tariff Act of 1930, as amended, and denied on October 20, 1972. A protest was then filed on January 9, 1973 demanding reliquidation of the entry. The court further notes that the merchandise was exported from the United States under customs supervision (paragraph 8 of the complaint and admitted in the answer) on June 27, 1972 (paragraph 8 of the stipulation).

Liquidation, particularly in view of Customs Regulation, section 12.6, as amended by T.D. 68–191, creates doubt as to the validity of the liquidation.

§ 12.6  Suspension of liquidation.

(a) The liquidation of each entry covering merchandise, the subject of § 12.1,* shall be suspended until it is determined whether admission of the merchandise into the United States is permitted under the law.

■ The foregoing regulation is couched in mandatory terms. The law is clear that regulations when reasonable and prescribed under authority of the law, when duly promulgated, have the same force and effect as if written in the statute and are binding upon the importer and government officials alike. *Maple Leaf Petroleum, Ltd. v. United States,* 25 CCPA 5, T.D. 48976 (1937); *Thornley & Pitt a/c Earl Investment Corpn. v. United States,* 33 Cust.Ct. 136, C.D. 1645 (1954).

■ The purpose of Customs Regulation, section 12.6, is apparent on its face. Liquidation in customs is the finalization of the customs entry process. This act constitutes a settlement of duties due the United States and finalizes the liability of the importer. This action under section 514 of the Tariff Act of 1930, as amended, is final and conclusive upon all parties unless a protest is filed against a valid liquidation or action of customs. It is certainly reasonable for customs to suspend liquidation on items such as food, drugs, devices and cosmetics until it is determined if entry under the law is permitted. If not permitted, as in the case at bar, such liquidation would be a useless act since the merchandise if exported or destroyed pursuant to the statute and regulations would result in a refund of the duties deposited. 19 U.S.C. § 1558(a).

In view of the circumstances, I am constrained to find the liquidation to be in violation of section 12.6 of the customs regulations and therefore void. The mere fact that customs was notified of an alleged clerical error, inadvertence, mistake of fact, or whatever, pursuant to section 520 *supra,* does not necessarily result in a timely protest being filed based upon the refusal of customs to "reliquidate" the entry. The record is barren of any evidence as to what

* Section 12.1 covers, among other things, food.

Barnes, Richardson & Colburn, New York City (Joseph Schwartz and Edward F. Christopher, New York City, of counsel), for plaintiff.

Barbara Allen Babcock, Asst. Atty. Gen., Washington, D.C. (Mark K. Neville, Jr., Laura D. Millman, trial attys., New York City), for defendant.

