court *may* relieve a party or his legal representative" from a mistake. (Italic supplied.) Relief is discretionary.

Pursuant to the Court of Customs and Patent Appeals' order, and exercising that discretion, the following order was issued by this court on March 10, 1980:

> In furtherance of the February 25, 1980 per curiam order of the U.S. Court of Customs and Patent Appeals in this case, each party hereby is instructed to prepare a memorandum, with affidavits, concerning the following question: Are the characteristics of the longitudinal and window seats apparently involved in the subject entries different from, for the purposes of classification under the Tariff Schedules of the United States, the transverse seats considered in *David E. Porter* v. *United States*, 82 Cust. Ct. 259, C.D. 4808, 475 F. Supp. 688 (1979)?
>
> The memoranda and affidavits shall be filed with the clerk of this court on or before April 2, 1980.

The critical memorandum was filed by the defendant who wrote:

> We have been advised by the U.S. Customs Service that the longitudinal and window seats are similar in design to the transverse seats. There are only minor design differences relating to the location of the seats within the BART rail vehicle.
>
> Accordingly, for substantive classification purposes, there are no differences between the transverse seats which were the subject of this court's decision in C.D. 4808, and the longitudinal and window seats which are listed on plaintiff's invoices. (Defendant's memorandum, pp. 1–2, Mar. 28, 1980.)

Now, as the Government (the defendant) for the first time has conceded that there are no substantial distinctions with regard to classification of transverse seats versus longitudinal and window seats, listed on plaintiff's invoices, this court accordingly amends its June 22, 1979 judgment to include said longitudinal and window seats.

(C.D. 4858)

A. N. Deringer, Inc., plaintiff *v.* United States, defendant

Court No. 73-8-02142

(Decided on remand [C.A.D. 1220], May 28, 1980)

*Barnes, Richardson & Colburn* (*Joseph Schwartz, Edward F. Christopher* and *Michael A. Johnson* of counsel) for the plaintiff.

*Alice Daniel,* Assistant Attorney General (*Mark K. Neville, Jr., Laura D. Millman* and *Saul Davis,* trial attorneys), for the defendant.

FORD, Judge: This action is before me pursuant to *United States* v. *A. N. Deringer, Inc.*, 66 CCPA 50, C.A.D. 1220, 593 F. 2d 1015 (1979), wherein the court vacated the judgment of this court in *A. N. Deringer, Inc.* v. *United States*, 80 Cust. Ct. 17, C.D. 4731, 447 F. Supp. 453 (1978) and remanded the action for consideration of appellee's claim for refund of duties. In its decision of remand the court, in a footnote, made the following statement:

> We do not reach the merits of appellee's claim since such was not considered by the Customs Court. We note that the mere fact that appellee exported the goods does not, in and of itself, entitle it to a refund of the estimated duties deposited upon entry of the goods into this country. See 19 U.S.C. 1558.

Plaintiff has proceeded in this remand by the filing of a motion for summary judgment. Defendant has filed a crossmotion for summary judgment.

The statutory provision, 19 U.S.C. 1558, referred to above, provides as follows:

> § 1558. *No remission or refund after release of merchandise*
> (a) No remission, abatement, refund, or drawback of estimated or liquidated duty shall be allowed because of the exportation or destruction of any merchandise after its release from the custody of the Government, except in the following cases:
>> (1) When articles are exported with respect to which a drawback of duties is expressly provided for by law;
>> (2) When prohibited articles have been regularly entered in good faith and are subsequently exported or destroyed pursuant to a law of the United States and under such regulations as the Secretary of the Treasury may prescribe; and
>> (3) When articles entered under bond, under any provision of law, are destroyed within the bonded period as provided for in section 1557 of this title, or are destroyed within the bonded period by death, accidental fire, or other casualty, and proof of such destruction is furnished which shall be satisfactory to the Secretary of the Treasury, in which case any accrued duties shall be remitted or refunded and any condition in the bond that the articles shall be exported shall be deemed to have been satisfied.
>
> (b) When articles are exported or destroyed under Customs supervision after once having been released from Customs custody, as provided for in subsection (c) of section 1304 of this title, such exportation or destruction shall not exempt such articles from the payment of duties other than the marking duty provided for in such subsection (c). (June 17, 1930, ch. 497, title IV, sec. 558, 46 Stat. 744; June 25, 1938, ch. 679, sec. 24, 52 Stat. 1088.)

It is clear that the provision above permits no refund of estimated or liquidated duties on exported merchandise after release from Customs custody, unless it falls within one of the three exceptions set forth supra. Obviously, exceptions 1 and 3 are not applicable.

The issue thus presented is whether the requirements of the Food and Drug Administration place the importations in the category of prohibited merchandise. If so, the court must consider whether the merchandise was entered in good faith.

It is apparent from form FD-777, issued by the Food and Drug Administration, entitled "Notice of Detention and Hearing," that the merchandise may be in violation of the law and "(t)he merchandise should continue to be held intact pending final decision as to whether it shall be admitted or refused admission." The notice further states the party has an opportunity to appear within 7 days at which time:

> (t) he testimony which you may present may include evidence as to the manner in which the article can be brought into compliance with the act or removed from its scope by rendering it not a food, drug, device, or cosmetic as defined by the act.

The subsequent notice on form FD-772 is entitled "Notice of Refusal of Admission" and concludes with the following paragraph:

> You are hereby notified that admission of above-described merchandise is refused. This merchandise must be exported under Customs' supervision within 90 days from the date of this notice or within such additional time as the District Director of Customs specifies. Failure to do so may result in destruction of the merchandise as authorized by statute.

Based upon the stipulation of facts, paragraphs 4, 5, and 6 as previously submitted to the court, the parties agreed as follows:

> 4. Plaintiff, despite the notices of detention and hearing sent because of the nonconforming labeling, failed to communicate in any way with the Food and Drug Administration, although the notices gave plaintiff the privilege of appearing for a hearing, and failed to relabel the merchandise even though it was implicit in the law and regulations that plaintiff had the right to relabel the merchandise and again seek entry thereof.
>
> 5. The merchandise involved in this case, if relabeled to correct the deficiencies noted in paragraph 1, would not have been in violation of the Federal Food, Drug and Cosmetic Act and regulations enacted pursuant to the Fair Packaging and Labeling Act.
>
> 6. The merchandise involved in this case, if so relabeled, would not have had to have been exported, and could have been released into the commerce of the United States.

Plaintiff in its present statement of facts filed pursuant to rule 8.2(b) of the rules of this court, paragraphs 16, 17, 19, 20, and 21, has in effect agreed with the original stipulation supra.

Plaintiff contends the refusal of entry places the importation in the prohibited merchandise category and, since it had entered the merchandise in good faith, it was entitled to a refund of duty as the

merchandise was exported under Customs supervision. Plaintiff argues *Kreutz & Co.* v. *United States*, 20 CCPA 109, T.D. 45752 (1932) and *A. M. & J. Solari, Ltd.* v. *United States*, 6 Cust. Ct. 373, C.D. 499 (1941) support its position that merchandise refused admission is prohibited merchandise.

Neither *Kreutz* nor *Solari* are dispositive of the issues in the instant case. These cases did not involve the interpretation of section 1558 supra or its predecessor. *Kreutz* was tried under the Tariff Act of 1922 which contained the predecessor provision of section 1558, but said provision was not in issue since section 2 of the Food and Drug Act, in effect at that time, provided that adulterated or misbranded articles of food and drugs are prohibited from being introduced into any State, territory or the District of Columbia from a foreign country. The court found, based upon the foregoing section and section 11 of the Food and Drug Act then in effect, that the merchandise was prohibited and the importer was entitled to a refund.

In *Solari* which was tried under the Tariff Act of 1930, but prior to the 1938 amendment of section 1558 involved herein, is likewise distinguishable. The merchandise therein was whisky, which Customs found was misbranded as to the age of the liquor. The term "misbranded" was defined in the Food and Drug Act then in effect and required the merchandise be refused admission. The court, based upon the record, held the merchandise was seized and destroyed without warrant of law. This being so, the court held the importer was entitled to a refund.

The present section 1558 was amended by the Customs Administrative Act of 1938 and, for the first time, provided for exceptions to the general rule that no remission, abatement, refund, or drawback of estimated or liquidated duties shall be allowed because of exportation or destruction after release from Customs custody. The provision relied upon by plaintiff, section 1558(a)(2), provides for refund for merchandise which was released from Customs custody and exported under Customs supervision when entered in good faith. Neither *Kreutz* nor *Solari* involved this question.

In any event, the court observes that the language "Refusal of Admission" used in the notice, form FD-772, is not tantamount to prohibited. The merchandise was conditionally refused admission. Had the party corrected the matters complained of by the Food and Drug Administration, it would have been permitted entry. Merchandise, such as adulterated food or food unfit for human consumption, narcotics, or immoral articles, to name a few, are prohibited. The latter term is one which cannot be corrected.

In view of the foregoing, it is unnecessary to consider the question of good faith since the merchandise was not prohibited within the

statutory language. Accordingly, defendant's cross-motion for summary judgment is granted, plaintiff's motion is denied, and the action is dismissed.

Judgment will be entered accordingly.