**Frank E. ALLEN, Plaintiff,**

v.

**Donald T. REGAN, Secretary of the Treasury, William von Raab, Commissioner of Customs, and United States Customs Service, Defendants.**

Court No. 84–11–01655.

United States Court of
International Trade.

March 28, 1985.

Barnes, Richardson & Colburn, James S. O'Kelly, New York City, for plaintiff.

Richard K. Willard, Acting Asst. Atty. Gen., Washington, D.C., Joseph I. Liebman, Atty. in Charge, Intern. Trade Field Office, New York City, and John J. Mahon, U.S. Dept. of Justice, Civ. Div., Washington, D.C., for defendants.

RESTANI, Judge:

On April 15, 1981, plaintiff passed the examination for a license as a customhouse

broker, a key step in the process to obtain a license. The next step was an investigation into plaintiff's integrity and financial responsibility which the United States Customs Service ("Customs"), through its district director in Cleveland, Ohio, purported to begin immediately. To date, some four years later, no decision has been issued. Plaintiff now seeks a court order compelling defendants to render a decision on his application, or alternatively, a judgment overturning the alleged constructive denial of the license.

Defendants have moved to dismiss this action for lack of jurisdiction alleging that no denial of the license has occurred and that such denial is a prerequisite to suit predicated on the jurisdictional basis of 28 U.S.C. § 1581(g) (1982).[1] Alternatively, defendants seek summary judgment dismissing this case.

■ The court finds defendants' jurisdictional defense without merit. This is exactly the type of situation which is appropriate for judicial review and which Congress intended to be judicially reviewed. Whether jurisdiction is technically proper under 28 U.S.C. § 1581(g) is irrelevant because § 1581(i)(4) (1982)[2] is clearly intended to provide a jurisdictional basis if § 1581(g) does not suffice. The proposition that this court is not empowered to review whether Customs is justified in waiting four years or more to decide a relatively simple matter, such as licensing an individual, is untenable. If, as defendants contend, there is

no jurisdiction under § 1581(g) because no constructive denial may be recognized under that section, plaintiff's remedies under § 1581(g) are manifestly inadequate. In such a situation, § 1581(i) will provide the basis of jurisdiction. *Cf. United States v. Uniroyal, Inc.*, 69 C.C.P.A. 179, 687 F.2d 467 (1982).

■ Having found that it has jurisdiction, the court finds that plaintiff is entitled to a prompt decision on its application. It is clear that Customs had the right to require further investigation after questions as to plaintiff's suitability were raised in a proceeding in district court under 19 U.S.C. § 1592. *See* 19 C.F.R. § 111.14(e) (1982). It is also clear that there are no statutory or regulatory time limitations placed on such an investigation, but the regulations necessarily imply some limits, so as not to render the entire process meaningless. Furthermore, Customs may have been justified initially in postponing a full scale investigation in order not to breach an order staying discovery in the § 1592 proceeding, but there is no stay now in effect which would excuse further delay.

Defendants state that they wish no time constraints put upon their investigation because they do not wish to duplicate effort which will be exerted in responding to discovery in the related district court case. This is not a persuasive reason for continued delay. Civil penalty and forfeiture actions proceed at a very different pace from that ordinarily expected in a licensing appli-

---

1. 28 U.S.C. § 1581(g) (1982) states:
    (g) The Court of International Trade shall have exclusive jurisdiction of any civil action commenced to review—
        (1) any decision of the Secretary of the Treasury to deny or revoke a customhouse broker's license under section 641(a) of the Tariff Act of 1930; and
        (2) any order of the Secretary of the Treasury to revoke or suspend a customhouse broker's license under section 641(b) of the Tariff Act of 1930.

2. 28 U.S.C. § 1581(i) (1982) states:
    (i) In addition to the jurisdiction conferred upon the Court of International Trade by subsections (a)-(h) of this section and subject to the exception set forth in subsection (j) of this sec-

tion, the Court of International Trade shall have exclusive jurisdiction of any civil action commenced against the United States, its agencies, or its officers, that arises out of any law of the United States providing for—
    (1) revenue from imports or tonnage;
    (2) tariffs, duties, fees, or other taxes on the importation of merchandise for reasons other than the raising of revenue;
    (3) embargoes or other quantitative restrictions on the importation of merchandise for reasons other than the protection of the public health or safety; or
    (4) administration and enforcement with respect to the matters referred to in paragraphs (1)-(3) of this subsection and subsections (a)-(h) of this section.

cation investigation. Whether or not plaintiff has a right to a license, he certainly has a right to a decision on a license application. At the very least, 19 C.F.R. Part 111 (1984) gives him that right.

The court finds no merit in plaintiff's request for attorney's fees. The court also finds that there is no ground for the award of a license to plaintiff on the facts involving the delay in rendering a decision.

This court is empowered to grant equitable relief. *See* 28 U.S.C. § 2643(c)(1) (1982). Accordingly, defendants are directed to complete their investigation pursuant to 19 C.F.R. Part 111 within 90 days of judgment in this matter, and within 30 days of completion of that investigation, to provide plaintiff with a decision with regard to his license application.

Plaintiff is directed to provide the court with a draft judgment order within 10 days.