FRANK E. ALLEN, PLAINTIFF v. DONALD T. REGAN, SECRETARY OF THE TREASURY, WILLIAM VON RAAB, COMMISSIONER OF CUSTOMS, AND U.S. CUSTOMS SERVICE, DEFENDANTS

Court No. 84–11–01655

(Decided December 10, 1985)

*Barnes, Richardson & Colburn (James S. O'Kelly)* for plaintiff.
*Richard K. Willard,* Assistant Attorney General, *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office and *John J. Mahon,* United States Department of Justice, Civil Division, for defendants.

RESTANI, *Judge:* Earlier this year, this court issued an Opinion and Order in this case, compelling the United States Customs Service ("Customs") to render a prompt decision on plaintiff's application for a customhouse broker's license. *Allen* v. *Regan,* 9 CIT 176, 607 F. Supp. 133 (1985). In accordance with this decision, Customs was ordered to complete the investigation of plaintiff's application, pursuant, to 19 C.F.R. Part 111, within 90 days of entry of the order and to notify plaintiff of the decision within 30 days thereafter. *Id.* In compliance with this order, Customs denied plaintiff's application and informed plaintiff of this decision by letter dated July 29, 1985.

Plaintiff has now amended his original complaint to contest Customs's denial of his application. Defendants have moved to dismiss the amended complaint for lack of jurisdiction, claiming that

---

plaintiff has failed to exhaust his administrative remedies under 19 C.F.R. § 111.17(a) and (b) (1985).

As a preliminary matter, the court finds it must clear up a misunderstanding between the parties with regard to the impact of the court's earlier decision on plaintiff's claims of entitlement to a license and attorney's fees. Plaintiff's original complaint consisted of two claims. Count I alleged an unreasonable delay in the processing of his application. Count II, offered in the alternative, claimed that the delay constituted a constructive denial of his application. By compelling Customs to act on plaintiff's application, this court was granting relief under Count I, while simultaneously disposing of Count II. Count II consisted of two issues. The first was the contention that the four-year delay in rendering a decision on plaintiff's application constituted a constructive denial. The court's decision to order Customs to act on the application clearly constituted a rejection of this issue, since ordering Customs to make a decision acknowledges that Customs had neither granted nor denied the license. The second issue addressed the merits of plaintiff's claim of entitlement to a license. As with the first issue, the court's ordering Customs to act on the application indicated the court's positioin on this latter issue. Common sense dictates that if the court remanded the case to Customs for a decision, the court was reserving judgment on the merits of the case. Plaintiff correctly notes that the court did not address the question of whether plaintiff possesses the qualifications to hold a license. Since no decision had been rendered by Customs, the issue was not ripe for judicial consideration.

With regard to plaintiff's claim that he was entitled to costs and attorneys' fees, the court reaffirms its rejection of that claim. *See Allen,* 9 CIT at 176, 607 F. Supp. at 135. Plaintiff bases his claim on 28 U.S.C. § 2412 (a) and (b) (1982). These provisions give the court discretion to award costs and reasonable attorneys' fees and expenses "to the prevailing party" in a civil action brought against the United States. As defendants have noted, the definition of "prevailing party" precludes plaintiff's claim. Courts interpreting other fee shifting statutory provisions have required that a party seeking attorneys' fees have prevailed to some extent on the merits of the substantive claim. *Hanrahan* v. *Hampton,* 446 U.S. 754, 757 (1980) (Civil Rights Attorneys' Fees Awards Act of 1976). *See also Smith* v. *University of North Carolina,* 632 F.2d 316, 346–47 (4th Cir. 1980) (Title VII of the Equal Employment Opportunity Act of 1972); *Bly* v. *McLeod,* 605 F.2d 134, 137 (4th Cir. 1979) (Civil Rights Attorneys' Fees Awards Act of 1976 and the Voting Rights Act of 1965); *Grubbs* v. *Butz,* 548 F.2d 973, 975–76 (D.C. Cir. 1976) (Title VII of the Civil Rights Act of 1972). This interpretation has been applied in defining "prevailing party" in the section 2412 (a) and (b) context as well. *Whitehead* v. *Richardson,* 446 F.2d 126, 129 (6th Cir. 1971); *Miller* v. *Schweiker,* 560 F. Supp. 838, 840 (M.D. Ala. 1983); *Roman* v. *Schweiker,* 559 F. Supp. 304, 304–05 (E.D.N.Y. 1983). As in *Miller*

and *Roman,* plaintiff has yet to demonstrate the merits of his claim to a license, and his application for costs or attorneys' fees in connection with such a claim is premature at this juncture. That plaintiff prevailed on the "merits" of Count I is of no import. In its original opinion the court found no basis to rule that the delay in deciding on a license application was the occasion for attorney's fees. If the court acted prematurely in so ruling, any such error has been corrected inasmuch as plaintiff has been given several subsequent opportunities to expound on its views on this point and plaintiff has offered no substantive arguments in support of an attorney fee claim in conjunction with Count I.

Defendants raise as a jurisdictional defense the contention that plaintiff has failed to exhause his administrative remedies. Title 19 of the Code of Federal Regulations sets out three levels of administrative review of an application for a customhouse broker's license. Under 19 C.F.R. § § 111.15 and 111.16 (1985), the Commissioner of Customs makes the initial determination of whether to issue or deny a license. In this case, plaintiff's application was denied on July 29, 1985, by Donald W. Lewis, Director, Entry Procedures and Penalties Division. Under 19 C.F.R. § 111.17 (1985), an applicant whose application is denied has two further avenues of review—first with the Commissioner of Customs and second with the Secretary of the Treasury.[1] It is clear that this court has jurisdiction to review the final decision of the Secretary of Treasury to deny a customhouse broker's license. 19 U.S.C. § 1581(g)(1) (1982). The question before the court is whether the court may review the denial of a license prior to a decision of the Secretary of the Treasury pursuant to 19 C.F.R. § 111.17(b).

The general rule is that "administrative exhaustion of remedies is required before a litigant will be allowed to raise a claim via a civil action." *Rhone Poulenc, S.A.* v. *United States,* 7 CIT 133, 583 F. Supp. 607, 609 (1984), citing *United States* v. *L.A. Tucker Truck Lines, Inc.,* 344 U.S. 33, 37 (1952). In this case, the general rule is in accord with the applicable statutory language. Pursuant to the statute governing judicial appeal of a denial of a customhouse broker's license, an applicant is given permission to appeal "any decision of the Secretary." 19 U.S.C. § 1641(c)(1) (1982). Likewise, the provision setting forth the limitation periods applicable to customs-related suits

---

[1] 19 C.F.R.

§ 111.17   Review of the denial of a license.

(a) *By the Commissioner.* Upon the denial of an application for a license, the applicant may file with the commissioner of Customs, in writing, a request that further opportunity be given for the presentation of information or arguments in support of the application by personal appearance, or in writing, or both. This request must be received by the Commissioner within 60 days of the denial.

(b) *By the Secretary.* Upon the decision of the Commissioner affirming the denial of an application for a license, the applicant may file with the Secretary of the Treasury, in writing, a request for such additional review as the Secretary shall deem appropriate. This request must be received by the Secretary within 60 days of the Commissioner's affirmation of the denial of an application for a license.

Plaintiff's interpretation of the permissive phrasing of these regulatory provisons as meaning that an applicant whose application is denied may choose between further administrative review or judicial review is incorrect. Defendant correctly construes the permissive terms to indicate that once an application is denied, the applicant may choose to seek review of the decision or may treat the denial as final.

defines the civil action as one "contesting the denial \* \* \* by the Secretary of the Treasury of a customhouse broker's license \* \* \*." 19 U.S.C. § 1641(e)(1) (1982 & West Supp. 1985). The provision defining the scope and standard of review of this court also refers to "[c]ivil actions commenced to review any decision of the Secretary of the Treasury to deny \* \* \* a customhouse broker's license \* \* \*." 28 U.S.C. § 2640(a)(5) (1982 & West Supp. 1985). Finally, the statute defining the jurisdiction of this court states that the court "shall have exclusive jurisdiction of any civil action commenced to review any decision of the Secretary of the Treasury to deny \* \* \* a customhouse broker's license \* \* \*." 28 U.S.C. § 1581(g)(1) (1982). The statute governing the licensing of customhouse brokers gives the Secretary the authority to "prescribe such rules and regulations relating to the customs business of customs brokers as the Secretary considers necesssary \* \* \*, including rules and regulations governing the licensing of \* \* \* customs brokers \* \* \*." 19 U.S.C. § 1641(f) (1982). Pursuant to this authority, the Secretary promulgated 19 C.F.R. § 111.17, *see* note 1, *supra,* setting out the administrative review process. This process culminates with a decision by the Secretary and it is this decision that constitutes the final, judicially appealable, decision.

The fact that full administrative review, as outlined in 19 C.F.R. § 111.17, is the preferred course of action for a customhouse broker's license applicant does not end our discussion, however. This court is not required by statute to consider the exhaustion of administrative remedies a jurisdictional prerequisite to an action contesting the denial of a customhouse broker's license. 28 U.S.C. § 2637(a)–(c) (1982). Instead, the statute provides that the court "shall, *where appropriate,* require the exhaustion of administrative remedies." 28 U.S.C. § 2637(d) (1982) (emphasis added).

This court has articulated several circumstances in which a waiver of the requirement of exhaustion of administrative remedies is appropriate. One such situation involves a determination that requiring exhaustion would be "futile" or an "insistence on a useless formality." *Luggage and Leather Goods Manufacturers of America* v. *United States,* 7 CIT 258, 588 F. Supp. 1413, 1420–21 (1984) (since the President designates goods eligible for duty-free treatment under the generalized system of preference, it would be futile to require plaintiff to challenge designation at administrative level); *Rhone Poulenc, S.A.* v. *United States,* 7 CIT 133, 583 F. Supp. 607, 610 (1984) (it would be futile for plaintiffs to argue that the agency should not apply its own recently reviewed and debated regulation); *United States Cane Sugar Refiners' Association* v. *Block,* 3 CIT 196, 201, 544 F. Supp. 883, 887 (it would be a useless formality to require plaintiffs to attempt to import merchandise required to be excluded by Presidential proclamation since Customs officials could not override proclamation to provide the relief sought), *aff'd* 69 CCPA 172, 683 F.2d 399 (1982). Plaintiff has not shown that appealing the denial of

his application would be futile or a useless formality under circumstances similar to those cited above. Plaintiff argues that because the officers before whom he would be raising his appeal are defendants in this case he would be unlikely to receive an impartial decision from them. This argument is not persuasive for two reasons. First, plaintiff has offered no proof that defendants' participation in this action will automatically result in an unfavorable disposition of his appeal. Second, this court has held that "the fact that [a] plaintiff may not succeed in [his] claim at the administrative level does not justify noncompliance with the statutory scheme enacted by Congress." *Wear Me Apparel Corp.* v. *United States,* 1 CIT 194, 198, 511 F. Supp. 814, 818 (1981).[2] These factors are especially pertinent because the denial by Mr. Lewis' office may be based solely on Customs' investigation, whereas a review under section 111.17(a) gives the plaintiff an opportunity to present information and arguments that could prove persuasive.

Another situation warranting a waiver of the exhaustion of administrative remedies requirement is where the remedy will be "manifestly inadequate." *United States Cane Sugar Refiners' Association* v. *Block,* 69 CCPA 172, 175, n.5, 683 F.2d 399, 402 n.5 (1982) (in a case involving the potential for immediate injury and irreparable harm to an industry and a substantial impact on the national economy, relief and a provision requiring administrative review is manifestly inadequate); *National Corn Growers Association* v. *Baker,* 9 CIT 468, Slip Op. 85–98 (Sept. 20, 1985) (usual route through administrative action would result in a manifestly inadequate remedy where plaintiffs may well have been foreclosed from obtaining any judicial remedy had they pursued a protest to Customs). This case does not involve exigent circumstances comparable to those present in *Cane Sugar* or *National Corn Growers.* Requiring plaintiff to comply with administrative procedures might well result in the issuance of his license, an adequate remedy and, in fact, the desired remedy. There are other exceptions to the rule of exhaustion of administrative remedies, but they were not raised by plaintiff and are not applicable here.

In conclusion, although this court is sympathetic to the fact that plaintiff has waited over four and a half years for a final determination on his application for a license, there is no reason to waive the requirement of exhaustion of administrative, remedies in this case. As with the initial decision on the license, however, the defendants are obligated to act on any appeal which is taken within a reasonable time, independent of any related judicial proceedings. Because of the apparent delay, defendants are required to rule on any administra-

[2] Although *Wear Me* involved a statutory scheme and this case involves a regulatory scheme, the predecessor to the Court of Appeals for the Federal Circuit has stated that "[v]alid customs regulations made in pursuance of law have the force and effect of law and must be complied with as an act precedent to obtaining any special grant to which such regulations relate." Maple Leaf *Pe troleum, Ltd.* v. *United States,* 25 CCPA 5, 8, T.D. 48976 (1937), cited in *A.N. Deringer, Inc.* v. *United States,* 80 Cust. Ct. 19, 21, 447 F. Supp. 453, 454–55, *aff'd* 66 CCPA 50, 593 F.2d 1015 (1978).

tive appeal taken by plaintiff within 30 days of the amended judgment entered herein or within 30 days of the plaintiff's request,' whichever is later. Plaintiff Allen's claim for a license is not ripe for judicial determination, and is hereby dismissed.