RICHARD TARNOVE, PLAINTIFF *v.* LLOYD BENTSEN, SECRETARY OF THE TREASURY, GEORGE J. WEISE, COMMISSIONER OF CUSTOMS, AND UNITED STATES, DEFENDANTS

Court No. 92–02–00120

(Dated December 10, 1993)

*Peter S. Herrick,* for plaintiff.

*Frank W. Hunger,* Assistant Attorney General, *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, United States Department of Justice *(Mark S. Sochaczewsky), Richard S. Friedland,* Senior Attorney, Office of the Regional Counsel, United States Customs Service, of counsel, for defendants.

## OPINION

RESTANI, *Judge:* Plaintiff Richard Tarnove, president and sole owner of International Freight Network, Inc. ("IFN"), appeals from the decision of defendant Secretary of the Treasury ("Secretary") denying him a customs broker's license pursuant to 19 C.F.R. § 111.16(b) (1991) and seeks judgment on the agency record pursuant to USCIT Rule 56.1. The denial came after a finding that plaintiff had unlawfully held himself out to the public as a customshouse broker by listing IFN as such in a phone directory, and that IFN transacted customs business without the requisite customs broker's license. For the reasons that follow, the motion is denied.

### JURISDICTION AND STANDARD OF REVIEW

This court has exclusive jurisdiction over denials of customs broker's licenses pursuant to 28 U.S.C. § 1581(g)(1) (1988). The Secretary's decision to deny plaintiff a customs broker's license will be set aside if the decision was unsupported by substantial evidence, was an abuse of discretion, or was otherwise not in accordance with law. 5 U.S.C. § 706(2)(A), (E) (1988); *Bell v. United States,* Slip Op. 93–218, at 11 (Nov. 19, 1993); *Kazangian v. Brady,* 15 CIT 488, 489 (1991). Substantial evidence consists of more than a mere scintilla, and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Fusco v. United States Treasury Dep't,* 12 CIT 835, 838–39, 695 F. Supp. 1189, 1193 (1988) (quoting *Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229 (1938)).

### BACKGROUND

Tarnove applied for a customs broker's license on August 22, 1990. In November 1990, he passed the written broker's examination required under 19 C.F.R. § 111.13 (1990). The Customs Service issued a Report of Investigation pursuant to 19 C.F.R. § 111.14(d) (1991) in January 1991.

On February 28, 1992, plaintiff brought this action seeking a determination on his license application. On March 6, 1992 this court ordered the defendants to issue a determination within 30 days. In a letter dated March 23, 1992, the director of the Customs Service's Entry Division denied plaintiff's application pursuant to 19 C.F.R. § 111.16(b)(1), (3), (5) and (6).[1]

Tarnove appealed to the Commissioner of Customs on May 18, 1992 pursuant to 19 C.F.R. § 111.17(a) (1992), and the Acting Director of the Office of Trade Operations later affirmed the license denial. The Commissioner of Customs upheld the denial and referred plaintiff's appeal to the Secretary.

Subsequent to the Secretary's denial of plaintiff's appeal, Tarnove filed an amended complaint in this court on October 26, 1992 seeking judicial review of the denial pursuant to 19 C.F.R. § 111.17(c). The court granted Tarnove's motion to amend the administrative record, ordering certain items deleted from the agency record and authorizing limited discovery. On April 19, 1993, the court remanded the case to the Secretary and thereafter certain documents were added to the record.

After reviewing the amended record, the Secretary denied Tarnove's administrative appeal. Tarnove then filed the instant motion for judgment on the administrative record.[2]

## DISCUSSION

I. *Hearsay evidence was properly admitted in the administrative proceedings:*

As a preliminary matter, the court finds without merit plaintiff's contention that the Secretary's decision to deny plaintiff a customs broker's license is impermissibly based on unauthenticated hearsay evidence. The Secretary's denial was premised on a review of the Customs Serv-

---

[1] The pertinent sections provide:

(b) *Grounds for Denial.* The causes sufficient to justify denial of an application for a license shall include, but need not be limited to:

(1) Any cause which would justify suspension or revocation of the license of a broker under the provisions of § 111.53;

\* \* \* \* \* \* \*

(3) A failure to establish the business integrity and good character of the applicant;

\* \* \* \* \* \* \*

(5) Any conduct which would be deemed unfair in commercial transactions by accepted standards;

(6) A reputation imputing to the applicant, criminal, dishonest, or unethical conduct, or a record of such conduct.

19 C.F.R. § 111.16(b) (1991).

[2] On August 23, 1993, Tarnove moved to strike three passages in defendants' Memorandum in Opposition to Plaintiff's Motion for Judgment on the Administrative Record ("Memorandum") pursuant to USCIT Rule 12(f). The court hereby denies the motion but will disregard any factual allegations not included in the administrative record pursuant to USCIT Rule 81(m).

First, the court finds that the Memorandum properly includes the statement that because of time constraints and other considerations, the results of a criminal investigation of the plaintiff were not included in the plaintiff's application report. This statement is a material response to one of plaintiff's contentions and is neither scandalous nor inflammatory.

The court also finds that defendants overstated the record by alleging that Tarnove "accepted and controlled" all customs broker-related correspondence going through the office of Manuel A. Gonzalez, a licensed customs broker operating on IFN's premises. The court will disregard this statement.

Finally, the court finds improper the statements at page seventeen of the Memorandum that attribute to Tarnove sole control of a checking account used by IFN to pay customs duties. The detailed information identifying the account and alleging Tarnove's use of it to pay duties is unsupported by the record and must also be disregarded.

ice's March 23, 1992 determination to deny issuance of the license. Customs' decision rested in large part on a Bell South ("Bell") telephone directory listing advertising IFN as a customshouse broker, and on the Customs Service district director's assertion, on the basis of further hearsay evidence, that IFN was engaged in the customs business without a license. Plaintiff argues that this evidence must be excluded as unreliable, irrelevant and immaterial hearsay.

"This court has specifically recognized that administrative proceedings are governed by the [Administrative Procedures Act ("APA")], not the Federal Rules of Evidence." *Anderson v. United States,* 799 F. Supp. 1198, 1202 (1992) (citations omitted). Section 556(d) of the APA provides that *"[a]ny* oral or documentary evidence may be received, but the agency as a matter of policy shall provide for the exclusion of irrelevant, immaterial, or unduly repetitious evidence." 5 U.S.C. § 556(d) (1988) (emphasis added).

In *Richardson v. Perales,* 402 U.S. 389, 410 (1971), the Supreme Court confirmed that, under the APA, hearsay evidence is "admissible up to the point of relevancy." Agencies may consider hearsay according to its "truthfulness, reasonableness, and credibility", if the evidence is not irrelevant, immaterial or unduly repetitious. *Veg-Mix, Inc. v. U.S. Dep't of Agriculture,* 832 F.2d 601, 606 (D.C. Cir. 1987) (quoting *Johnson v. United States,* 628 F.2d 187, 190–91 (D.C. Cir. 1980)).

Evidence that Tarnove held himself out to the public as a customshouse broker by listing his company as such for four consecutive years was confirmed by Bell, after a review of its business records revealed that Tarnove was always Bell's contact person regarding IFN's advertisement order. As plaintiff concedes, these proceedings are not bound by the Federal Rules of Evidence ("FREs"). Thus, there is no requirement here, as plaintiff suggests, that the phone advertisement be authenticated. It is worth noting that for directories the FREs provide an exception to the hearsay rule. *See* Fed. R. Evid. 803(17). The exceptions to Rule 803 apply to categories of hearsay evidence that possess sufficient guarantees of trustworthiness to bar their exclusion from federal court. *See* Fed. R. Evid. 803 advisory committee's note.

Plaintiff further objects to hearsay statements included in two reports issued by the district director and relied upon as a basis for the Secretary's denial. As an initial matter, in civil actions and proceedings, FRE 803(8)(C) creates a hearsay exception for factual findings resulting from an investigation made pursuant to authority granted by law. Fed. R. Evid. 803 (8)(C). The factual findings contained in the district director's reports resulted from an investigation conducted pursuant to 19 C.F.R. § 111.14 (1991) and thus arguably constitute acceptable hearsay evidence, but further inquiry is necessary with respect to the hearsay evidence on which the findings are based. To accept the factual findings without reference to the information upon which they are formed would be to neglect the duty to review the basis for the Secretary's decision.

First, evidence that importers named IFN as their broker need not be disregarded. The importers were neutral parties without any motive to identify Tarnove falsely as their broker. Moreover, although the importers' names are redacted for reasons of confidentiality in two instances, the evidence has indicia of reliability because the findings are dated and appear in a chronology of detailed entries. This evidence is highly relevant in evaluating Tarnove's business integrity under § 111.16 (b)(3) and the Secretary properly relied upon it.

Second, Tarnove fails in his argument for exclusion of evidence that several powers of attorney found by Customs to be on file in the office of Manuel A. Gonzalez, a licensed customs broker, listed IFN or IFN and Gonzalez as broker. Plaintiff's contention, that this evidence is inadmissible because the documents themselves are not contained in the agency record, is unavailing. Tarnove has offered no reason as to a motive to falsify the existence of the documents. Furthermore, other evidence is consistent with the description of the documents found in the record. If plaintiff contends that no such documents existed, he was free to contest that fact before the agency.

This court finds that the hearsay evidence plaintiff has requested be excluded has sufficient indicia of truthfulness, reasonableness and credibility for consideration in an administrative proceeding. As the court has ascertained that the evidence at issue is not inherently unreliable, it need not be disregarded. In the final analysis, it is up to the agency to assess the reliability of such evidence and to weigh it against all the evidence of record.

II. *There is substantial evidence in the agency record to deny plaintiff a customs broker's license:*

The administrative record supports the Secretary's decision to affirm denial of the license pursuant to 19 C.F.R. § 111.16(b). This section of the regulations requires that applicants for customs broker's licenses meet high standards of integrity. This court recognizes that the Secretary has some degree of discretion in determining if these standards have been met. *See Pietrofeso v. United States,* 801 F. Supp. 743, 747 (Ct. Int'l Trade 1992).

The Secretary's finding that plaintiff held himself out to the general public as a customshouse broker, by advertising IFN under that listing category in the Bell directory, is strong evidence that plaintiff engaged in unethical conduct warranting a denial of a broker's license under § 111.16(b)(3). Tarnove's contention that he was not responsible for the advertisement and tried to have it removed is unpersuasive and colors the remainder of the record. As president and sole owner of IFN, Tarnove should have been aware of an advertisement listing his company as a customshouse broker continuously over a five year period. Bell's business records, indicating that Tarnove was their contact at IFN, clearly support a finding that plaintiff knew about the advertisement. More-

1328

over, plaintiff tried to remove the advertisement only after the Customs Service began investigating his application.

Equally damaging to Tarnove's claim of business integrity is the cumulative evidence that he actually transacted customs business without a broker's license in violation of 19 C.F.R. § 111.4.[3] First, importers identified IFN as their broker, with one firm naming Tarnove, himself, as its representative. Second, the district director's report indicates, and Tarnove does not challenge, that IFN in fact paid Gonzalez' annual user fee on January 1, 1991.[4] Finally, the record reveals that a number of powers of attorney kept in Gonzalez' files named IFN as a broker. Taken together, these facts are convincing evidence that plaintiff engaged in the customs business without a broker's license. The Secretary is justified in determining that such conduct constitutes grounds for denying Tarnove a license under § 111.16(b).

III. *There was no violation of plaintiff's due process rights:*

Finally, the court finds unavailing plaintiff's contention that "delays" in the determination of his application violated his due process rights. While this court determined in *Pietrofeso v. United States,* 801 F. Supp. 743, 747 (Ct. Int'l Trade 1992), that there is no property interest in obtaining a customs broker's license, it recognized that agencies must adhere to Congressionally-mandated procedures to avoid acting in a manner which is arbitrary, capricious and not in accordance with law. *PPG Indus., Inc. v. United States,* 13 CIT 183, 190, 708 F. Supp. 1327, 1332 (1989).

Nothing in the administrative record indicates that there was a failure to follow agency procedures in denying plaintiff a customs broker's license. Tarnove was entitled to a prompt decision on his application, *Allen v. Regan,* 9 CIT 176, 177, 607 F. Supp. 133, 134 (1985), but what

---

[3] "Any person who intentionally transacts customs business, other than as provided in § 111.3, without holding a valid broker's license, shall be liable for a monetary penalty for each such transaction * * *." 19 C.F.R. § 111.4 (1991). A broker's license is not required, pursuant to 19 C.F.R. § 111.3, to conduct the following transactions:

   (a) *For one's own account.* An importer * * * transacting Customs business solely on his own account and in no sense on behalf of another * * *
   (b) *As employee of brokers.* An employee of a broker, acting solely for his employer, is not required to be licensed where:

      (1) *Authorized to sign Customs documents.* The broker has authorized the employee to sign Customs documents on his behalf, and has executed a power of attorney for that purpose * * * or
      (2) *Authorized to transact other business.* The broker has filed with the district director a statement identifying the employee as authorized to transact business on his behalf * * *

   (c) *Marine transactions.* A person transacting business in connection with entry or clearance of vessels * * * is not required to be licensed as a broker.
   (d) *Transportation in bond.* Any carrier bringing merchandise to the port of arrival or any bonded carrier transporting merchandise for another may make entry for such merchandise * * * without being licensed as a broker.

19 C.F.R. § 111.3 (1991).

[4] The annual user fee is assessed for each permit held by an individual (here, Gonzalez), in each district where the broker has a permit to do business. *See* 19 C.F.R. § 111.96(c) (1991). According to Tarnove, this fee was paid in error. As with the directory arguments, the agency did not err in finding this explanation incredible.

constitutes a prompt decision must be evaluated in the context of the procedures involved. "[T]here are no statutory or regulatory time limitations placed on * * * an investigation [of an applicant for a customs broker's license]." *Id.* The existence of time limits is implied, *id.,* and thus they cannot be estimated with mathematical certainty. In *Allen,* this court found that the plaintiff's wait of over four years for a decision on his application was unreasonable. *See id.* at 177–78, 607 F. Supp. at 134–35. The court did not address the question of a Constitutional due process violation.

Whatever Tarnove's due process rights may be, Tarnove's wait of over a year for a determination on his application did not rise to the level of a due process violation. The administrative record demonstrates that throughout much of that period there was an ongoing correspondence between the government and the plaintiff and between government offices, indicating that plaintiff's application was being actively reviewed. Consequently, any possible inconvenience to plaintiff does not amount to a violation of any due process guarantees which may apply.

In conclusion, then, plaintiff's motion for judgment on the agency record is denied. The Secretary's decision was based on substantial evidence, and was not an abuse of discretion or otherwise not in accordance with law.