**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 1, 2009

No. 08-30986
Summary Calendar

Charles R. Fulbruge III
Clerk

MORRIS C JOHNSON

Plaintiff - Appellant

v.

MICHAEL J ASTRUE, COMMISSIONER OF SOCIAL SECURITY

Defendant - Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:07-CV-601

Before SMITH, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Morris Johnson appeals the district court's affirmance of an administrative decision that he was ineligible for Social Security disability benefits. Johnson argues that his waiver of his right to counsel was invalid and that the administrative law judge ("ALJ") misapplied the five-step analysis that determines whether a claimant is disabled. We REVERSE and REMAND.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## I. BACKGROUND

Johnson filed an application for Social Security disability benefits in December 2005, alleging disability since May 2005 due to back and kidney problems and to diabetes. After Johnson's claims were denied, he requested a hearing before an ALJ. Johnson had secured legal representation, but in August 2006, Johnson appeared without his attorney. The ALJ questioned Johnson on whether he wanted to continue. After much equivocation, Johnson agreed to proceed without his lawyer.

The ALJ determined that Johnson was not disabled. Though Johnson could not return to his past occupations, the ALJ found that jobs existed in significant numbers in the national economy that Johnson could perform. Johnson appealed the ALJ's decision to the Appeals Council, which denied his request for review and adopted the ALJ's decision as the Commissioner's.

Johnson then appealed to the district court, which affirmed the ALJ's decision on recommendation from the magistrate judge. Johnson now appeals here, arguing that (1) he did not validly waive his right to counsel and (2) the ALJ improperly found that he was not disabled without testimony from a vocational expert.

## II. DISCUSSION

On review of an order such as this, "we consider only whether the Commissioner applied the proper legal standards and whether substantial evidence in the record supports the decision to deny benefits." *Audler v. Astrue,* 501 F.3d 446, 447 (5th Cir. 2007). If substantial evidence supports the findings of fact, the findings are conclusive. 42 U.S.C. § 405(g). "[N]o similar presumption of validity attaches to the [Commissioner's] conclusions of law . . . ." *Western v. Harris*, 633 F.2d 1204, 1206 (5th Cir. Unit A Jan. 1981).

A claimant at a Social Security benefits hearing has a statutory right to counsel. 42 U.S.C. § 406; *Clark v. Schweiker*, 652 F.2d 399, 403 (5th Cir. Unit B July 1981). The claimant must be notified of this right. *Clark*, 652 F.2d at 403. It is undisputed that Johnson was notified of his right, and he does not challenge the adequacy of the pre-hearing notice. However, Johnson does argue that his waiver of counsel was invalid because at the hearing the ALJ improperly apprised him of how a lawyer could have assisted him at the hearing.

Johnson's colloquy with the ALJ certainly appears to have influenced his decision to proceed without counsel. At the hearing, Johnson stated that he had counsel who was not able to be present at the proceeding. He expressed uncertainty about proceeding without his lawyer. Just before Johnson decided to proceed, the ALJ told him that the decision regarding benefits would be made based on medical evidence and Johnson's credibility. The ALJ stated, "[t]he best lawyer in Louisiana can't take a bad case and make a good one. The worst lawyer in Louisiana can't take a good case and make a bad one." At that point, Johnson decided to proceed without counsel. Johnson stated, after hearing the ALJ's implication that the case, not the counsel, would decide the issue of benefits: "The lawyer wouldn't make no difference. You just said the medical records speaks for themselves . . . ."

Johnson argues that his waiver was invalid because the ALJ misled him regarding the role an attorney could play in assisting Johnson at the proceeding. He primarily uses case law regarding adequacy of notice of the right to counsel to make this point. It is true that some courts have found that proper notice of the right to counsel must explain the manner in which an attorney can aid the claimant in the proceedings before the ALJ. *See, e.g.*, *Thompson v. Sullivan*, 933 F.2d 581, 584 (7th Cir. 1991) (citing a district court case that bases its holding on *Clark*); *Gullett v. Chater*, 973 F. Supp. 614, 620 (E.D. Tex. 1997).

We do not address that reasoning, because we find the ALJ here to have discussed the counsel's function at a more fundamental level. Even though Johnson received proper notice of his right to counsel, the ALJ effectively discouraged him from exercising that right by clearly rejecting that counsel would do anything beneficial at the hearing. What was offered through proper notice was disparaged as largely being irrelevant at the hearing. These statements made the waiver of counsel invalid.

Even though Johnson's waiver was invalid, he still must show prejudice by pointing "to evidence that would have been adduced and that could have changed the result had [the claimant] been represented by counsel." *Brock v. Chater*, 84 F.3d 726, 729 n.1 (5th Cir. 1996). Johnson raises multiple potential grounds for prejudice, but only one needs to be discussed.

In holding that Johnson had the residual capacity to perform light work, the ALJ found that Johnson's "medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that [Johnson's] statements concerning the intensity, persistence and limiting effects of these symptoms are partially credible." The ALJ used testimony from Johnson and from doctors to determine that, though Johnson did experience some pain or discomfort, he had the ability to do some work. The ALJ declared that Johnson was more interested in portraying himself as disabled than in giving truthful information.

Johnson argues that an attorney would have called Johnson's friends and family to give corroborating testimony regarding Johnson's disability and the severity of his symptoms. He argues that this would have potentially bolstered his credibility and changed the ALJ's decision. We have recognized the potential prejudicial effect of not having a lawyer to call corroborating witnesses when the claimant only provided self-serving testimony regarding a disability, which the ALJ disregarded on credibility grounds. *See Clark*, 652 F.2d at 404-05.

Johnson only needs to show that counsel would have adduced evidence that could have changed the result. If counsel had called witnesses to corroborate the severity of Johnson's symptoms, this could have changed the ALJ's decision regarding Johnson's credibility, which in turn could have influenced the ALJ's decision regarding Johnson's disability status. Consequently, we find that Johnson was prejudiced by his invalid waiver of counsel.

The district court's judgment is REVERSED, and the case is REMANDED to the district court with instructions to vacate the Commissioner's decision and remand to the Social Security Administration for proceedings consistent with this opinion.