# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 5, 2013

No. 13-30184
Summary Calendar

Lyle W. Cayce
Clerk

JOSEPH S. JOLIVETTE,

Plaintiff–Appellant,

v.

CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL
SECURITY,

Defendant–Appellee.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:11-CV-1348

Before KING, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

Joseph S. Jolivette appeals the judgment of the District Court for the Western District of Louisiana affirming the decision of the Commissioner of the Social Security Administration denying Jolivette's application for Supplemental Security Income (SSI) benefits under Title XVI of the Social Security Act. Because the Commissioner committed no reversible error, we affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-30184

Jolivette filed an application for SSI on April 28, 2009, alleging that he was unable to work due to impulse control and antisocial personality disorders. The application was denied on June 11, 2009. Through his representative, Jolivette sought a hearing before a federal administrative law judge (ALJ). Prior to the hearing, Jolivette received information about the procedures and purpose of the hearing, including the issues to be considered and the process by which the ALJ would determine them, the right to review the administrative file and submit more evidence, the right to have the ALJ issue subpoenas for documents and witnesses, and the role of the vocational expert and Jolivette's ability to interact with the expert.

The hearing before the ALJ occurred on May 24, 2010. Jolivette appeared unrepresented because his representative had previously withdrawn. The ALJ informed Jolivette that he had a right to an attorney, that most attorneys work on a contingency fee basis, that Jolivette could probably retain an attorney even if he did not think he could afford one, and that the ALJ would reschedule the hearing if Jolivette would like time to look for an attorney. Jolivette waived his right to counsel orally and in writing, and elected to proceed with the hearing unrepresented. Prior to Jolivette's waiver of counsel, the ALJ explained that a vocational expert was present to "give us an opinion regarding your work history," and that "he's not going to make any decision in your case; he's just here to offer an opinion."

The ALJ determined that Jolivette was not disabled within the meaning of the Social Security Act because he was capable of performing jobs that exist in significant numbers in the national economy, and thus was not entitled to SSI benefits. Jolivette sought review of the ALJ's decision before the Social Security Administration Appeals Council, which denied the request. Jolivette then brought this action in the district court, which affirmed. This appeal followed.

2

No. 13-30184

Jolivette does not challenge the merits of the ALJ's decision. His lone argument is that his waiver of the right to counsel at the hearing was not valid and that he was prejudiced thereby. Jolivette contends that the waiver was invalid because the ALJ's explanation at the hearing concerning the role of the vocational expert was "unfair, incomplete, misleading, based upon a [wrong] legal standard, and . . . 'influenced' Jolivette's decision to proceed without counsel." Notably, he does not contest the adequacy of the multiple prehearing notices he received apprising him of his right to counsel or the notice given by the ALJ at the hearing. Instead, he asserts that the proper notice was "recast and invalidated by the ALJ's explanation" of the role of the vocational expert. Our precedent does not support the premise that otherwise adequate notice may be invalidated by a claimant's misunderstanding of procedural aspects of the hearing process unrelated to obtaining an attorney.[1] Accordingly, Jolivette's argument fails.

Jolivette cites *Johnson v. Astrue*[2] as support for his position.[3] However, in *Johnson*, we concluded that the claimant's waiver of his right to counsel was invalid because the misleading statements of the ALJ concerned the role of an

---

[1] *See, e.g.*, *Herridge v. Richardson*, 464 F.2d 198, 200 (5th Cir. 1972) (valid waiver of right to counsel, despite claimant's unawareness of right to subpoena witnesses and necessity of doing so); *cf. Peppers v. Schweiker*, 654 F.2d 369, 371 (5th Cir. 1981) (inadequate prehearing notice not cured by ALJ at hearing because claimant continued under the apparent misapprehension that he could not obtain representation if he could not afford an attorney); *Clark v. Schweiker*, 652 F.2d 399, 403-04 (5th Cir. 1981) (same).

[2] 326 F. App'x 737 (5th Cir. 2009).

[3] Jolivette also cites *Gullett v. Chater*, 973 F. Supp. 614 (E.D. Tex. 1997) and *Montalvo v. Barnhart*, 239 F. Supp. 2d 130 (D. Mass. 2003). *Gullett* involved a lack of prehearing notice and failure by the ALJ to cure the defect with adequate notice at the hearing of the right to counsel. *Gullet*, 973 F. Supp. at 621. Thus, like this court's decisions in *Peppers* and *Clark*, *Gullet* is distinguishable from this case. In *Montalvo*, the court concluded that remand was appropriate not because the plaintiff's waiver of his right to counsel was invalid but because the hearing was "marked by sufficient unfairness due to lack of counsel," based on standards established by the First Circuit. *Montalvo*, 239 F. Supp. 2d at 137-38. Thus, *Montalvo* also is not applicable to the present case.

attorney and "effectively discouraged [the claimant] from exercising that right [to counsel]."[4]  Here, the ALJ's statement was related not to the role of an attorney or the benefits of having one but to the purpose of the vocational expert. Additionally, nothing in the ALJ's brief explanation of the vocational expert's role could be interpreted as discouraging Jolivette from retaining an attorney.[5] Jolivette essentially asks this court to hold that the multiple prehearing notices adequately informing him of his right to counsel were invalidated by the ALJ's one-sentence comment on the role of the vocational expert, despite the ALJ's subsequent thorough explanation of Jolivette's right to counsel.  We decline to adopt such a sweeping rule.  Accordingly, we hold that Jolivette validly waived his right to counsel at his administrative hearing.

Because we conclude that Jolivette's waiver of the right to counsel was valid, we do not reach the issue of whether he was prejudiced.

\*     \*     \*

AFFIRMED.

---

[4] *Johnson*, 326 F. App'x at 739.

[5] *Cf. id.* ("The ALJ stated, '[t]he best lawyer in Louisiana can't take a bad case and make a good one.  The worst lawyer in Louisiana can't take a good case and make a bad one.'") (alteration in original).